In the Matter of the Application of SAMUEL H. KORNBLUTH, Respondent, for an Order of Mandamus against WILLIAM G. RICE, President, JOHN C. CLARK and HOWARD G. E. SMITH, as Commissioners, Constituting the New York State Civil Service Commission, and HARRY ROISTACHER, Impleaded as a Person Having an Interest in the Subject-Matter of This Proceeding, Appellants.

Third Department, April 28, 1937.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General, Patrick H. Clune, Assistant Attorney-General,* of counsel], for the appellant The State Civil Service Commission.

*A. Michael Katz,* for the appellant Harry Roistacher.

*Roy P. Monahan* [*Francis L. Field* of counsel], for the respondent.

*George R. Fearon, amicus curiæ,* in behalf of Disabled American Veterans of the World War, Department of New York.

*King & Ryan* [*Abraham Bernard King* and *Joseph F. Ryan* of counsel], *amicus curiæ,* on behalf of The Civil Service Forum.

*Joseph M. Proskauer* [*Joseph M. Proskauer* and *J. Alvin Van Bergh* of counsel], for Meyer Jacobs and William J. Osborne as a committee, *amici curiæ.*

HILL, P. J. This appeal from a peremptory mandamus order brings up for review the action of appellant State Civil Service Commission in certifying that appellant Roistacher was eligible for appointment as assistant deputy or record clerk of the Court of General Sessions of the County of New York. The Commission in June, 1936, certified to the judges of the court that Roistacher was eligible. He was thereupon appointed. The order appealed from further directs the Commission to refrain from approving payrolls wherein it is certified that Roistacher is entitled to the salary of the position.

That it is practicable to fill this position by competitive examination is not questioned. In April, 1930, an examination was held and a list of the persons, including Roistacher, eligible for appointment was established on September 2, 1931. The persons on this list remained eligible for appointment until September 2, 1935. A new list of eligibles has not been made or an examination called.

A new section of the Civil Service Law (14-b) became effective on June 5, 1936 (Laws of 1936, chap. 884). It provides that the term of eligibility of candidates for this appointment appearing on eligible lists " which were in force on the fifteenth day of July, nineteen hundred thirty-five, shall be extended for a period of not less than one nor more than four years after the expiration of the terms of eligibility which were fixed for such eligible lists." The Commission, assuming that thereby the expired list had been revived, certified Roistacher as eligible. Respondent assails the

act as being in violation of the constitutional provision governing the appointment and promotion of employees of the State. (State Const. art. 5, § 6.)

Appellants question the right of petitioner to apply for the order appealed from, saying that he is not an aggrieved person. He is a court attendant in the Court of General Sessions, and under the present ruling of the Commission that the position of clerk is in the line of promotion for attendants, he would be eligible to take the examination, if one was called. An officious intermeddler may not seek mandamus in a matter with which he is not concerned, but if the matter is of interest to all the community, it is not necessary to show that petitioner has a personal interest in, or is a candidate for, the position involved. (*People* v. *Halsey*, 37 N. Y. 344, 348.) Every citizen has an interest in matters which concern the public and in the enforcement of constitutional provisions in connection with designations in which the public is interested. (*People ex rel. Waller* v. *Supervisors of Sullivan County*, 56 N. Y. 249.) The propriety of the acts of a public official in connection with the issuance of a certificate of election may be brought before the court on the suit of a person whose interest is only that of a citizen and elector. (*People ex rel. Daley* v. *Rice*, 129 N. Y. 449.) A qualified voter may maintain a proceeding to prevent the board of elections from printing on the ballot an illegal question. (*Matter of McCabe* v. *Voorhis*, 243 N.Y. 401.) Further, it is asserted that, while under mandamus an official may be required to perform his legal duty, he may not be required to rescind an illegal act. That is, he may be ordered to " do " but not to " undo." The authorities do not sustain this objection. (*Matter of Lewis* v. *Carter*, 220 N. Y. 8; *People ex rel. Russell* v. *Board of Canvassers*, 46 Hun, 390.) Mandamus is the proper remedy to obtain revocation of an improper classification by the Civil Service Commission. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.)

The Court of Appeals has recently passed upon the constitutionality of a statute which resurrected and revived the eligibility for appointment of persons whose names appeared on a list which had expired. (Education Law, § 871-b.) The court announced the following principle: " that after a list had expired, had come to an end, ceased to exist, so that there were no persons capable of appointment, pursuant to the civil service provisions, the Legislature was without power to confer eligibility or give preference in appointment or promotion. The previous list, the result of competitive examination, being dead, could not be resurrected by legislative command." (*Ciaccia* v. *Board of Education*, 271 N. Y. 336, 339.) In the *Ciaccia* case, at the time the appointment was made from the legislatively-resurrected list, an examination had been held

preparatory to making a new list. In that particular it differs from the present case. In view, however, of other recent decisions, this distinction is without significance. In *Hurley* v. *Board of Education of City of N. Y.* (270 N. Y. 275) the appointment was made from a list which had expired previous to the statutory resurrection and after a new list had been prepared. The opinion in *Matter of Carow* v. *Board of Education* (272 N. Y. 341) does not indicate that a new list had been prepared or that an examination had been called. In this particular it is identical with the facts under consideration. With authorities so recently announced by the court of last resort and so apposite to the litigated question, a decent regard for the doctrine of *stare decisis* requires that an intermediate appellate court should give no consideration to the equitable or laudable purpose of the law as stated in the Governor's message of approval, for the best of motives is not a substitute for constitutional authority. (*Panama Refining Co.* v. *Ryan*, 293 U. S. 388, 420.)

The order should be affirmed, with fifty dollars costs.

RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Order affirmed, with fifty dollars costs and disbursements.