Aron Steubr, J.
The moving party is an unincorporated association whose members, numbering 37, are all of the licensed public porters in the city of New York. It appears from the petition that in 1939 there were about 500 licensed public porters. In that year the City Council enacted a law which provided that no new license could be issued, but that holders of such licenses may have theirs renewed annually. At the same time a section was added to the Administrative Code (§ B32-112.0), giving the commissioner of licenses authority to make rules and regulations for the conduct of public porters, including the time and place where they shall be permitted to solicit employment. Pursuant to this authority and in the same year the commissioner issued a regulation forbidding public porters from soliciting or accepting employment within 100 feet of any railroad station or pier used by ocean or coastal vessels or bus terminals, where the management supplied a staff to serve the patrons of the station, pier or terminal. This regulation was, however, not enforced. In October, 1956 the commissioner gave notice to the licensees that unless they complied with the regulation, action to forfeit their licenses would be forthcoming. It is further alleged and the fact seems indisputable that enforcement of the regulation will effectually deprive the members of the petitioner from exercising their trade.
The petition seeks a direction to the license commissioner to withdraw the regulation and order to the police commissioner to prohibit him from enforcing it.
The opposition is solely on the ground that the petitioner has not chosen the right remedy. The application is brought pursuant to article 78 of the Civil Practice Act. The article provides for remedies in some simplified form for what was formerly covered by the writs of certiorari, mandamus and *1003 prohibition as these writs applied to a body .or officer (Matter of Brenner v. Bruckman, 253 App. Div. 607). Obviously, prohibition and 'certiorari would have no application here, as the public officer has neither determined nor is about to make a determination of a, judicial character. Mandamus .remains.
The regulation made pursuant to legislative authority is itself to be regarded as a statute (Matter of Mooney v. Cohen, 272 N. Y. 33). .There :is ample in the petition to raise a question as to its constitutionality. It effectually deprives the licensees of the benefit of their license and under the guise of regulation prevents them from earning their livelihood in a .calling which must be .held to be legal. Unless there is .some compelling necessity for .the exercise of such police power, it is prohibited. But ra legislative body or an officer given authority to make rules 'cannot by mandamus be ordered to annul .a statute because :it is unconstitutional. As pointed out, the proper method of raising the question is either by way of declaratory judgment or in resistance to prosecution.
This disposes of the proceeding as against the .license commissioner, but not -as against the police commissioner. The latter is in the position of an officer .about to act under an unconstitutional -statute. Such action can be enjoined. So, as .against him a writ would have been available.
"The above presupposes that the ride is unconstitutional while, at most, there is -a showing that it may be. The ultimate decision -rests upon the facts— whether the rule is grounded in-a sufficient public necessity. As to -.that theunatter is remitted to Trial Term, Part .II, 'to be heard at a .date "to be .fixed by the .parties .in the order.