■ In the Matter of POLICEMEN'S BENEVOLENT ASSOCIATION OF WESTCHESTER COUNTY, INC., et al., Appellants, v. BOARD OF TRUSTEES OF THE VILLAGE OF CROTON-ON-HUDSON et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Law and Rules, to declare the invalidity of a local law enacted by the Village of Croton-on-Hudson, and for the related injunctive relief stated below, the petitioners appeal from a judgment of the Supreme Court, Westchester County, entered February 6, 1964, which dismissed their petition without prejudice to the institution of a plenary action. The judgment was entered pursuant to a prior order of the court, dated January 24, 1964, which granted respondents' motion, made before answer to dismiss the petition upon the ground, *inter alia,* that it was insufficient on its face (CPLR 7804, subd. [f]; 3211). Judgment and order reversed, with one bill of costs; and motion to dismiss the petition denied. Respondents' time to answer the petition is extended until 30 days after entry of the order hereon. One petitioner is the Patrolman's Benevolent Association of Westchester County, Inc., a membership

694

corporation; the other is a citizen, resident and taxpayer of the Village of Croton-on-Hudson, Westchester County. They bring this article 78 proceeding: (a) to adjudge invalid certain provisions of a local law of said village, relating to the appointment of special patrolmen; (b) to direct the respondent Board of Trustees to cancel all appointments made under such provisions of the local law; (c) to enjoin the board from making further appointments thereunder; (d) to direct the board to require all special patrolmen appointed by it to refrain from performing police duties except in certain instances specified in section 199-ee of the Village Law and restated in the said local law; (e) to direct the board to cancel appointments of special patrolmen, made for indefinite periods and without giving preference to eligible persons on an available civil service list, and consequently, in violation of section 199-ee of the Village Law and of the unchallenged provisions of the said local law; and (f) to direct the board to make such future appointments for specified periods and with preference to eligible persons on said available civil service list, as required by section 199-ee of the Village Law and by the unchallenged provisions of the said local law. On motion of the respondents and without considering the merits, Special Term dismissed the petition on the grounds: (a) that petitioners lacked standing to bring this proceeding because they failed to show that they were personally aggrieved; and (b) that injunctive relief is not available in a proceeding under article 78 of the Civil Practice Law and Rules. In our opinion, this determination was erroneous; and the motion to dismiss the petition should have been denied. One who is a citizen, resident and taxpayer has standing to bring an article 78 proceeding such as the one at bar, even though he does not show a personal grievance or a personal interest in the outcome (*Matter of Andresen* v. *Rice,* 277 N. Y. 271; *Matter of Cash* v. *Bates,* 301 N. Y. 258; *Matter of Chironna* v. *Watson,* 304 N. Y. 255; *Chittenden* v. *Wurster,* 152 N. Y. 345, 363–364; *Matter of Kornbluth* v. *Rice,* 250 App. Div. 654, affd. 275 N. Y. 597). Insofar as our holding in *Matter of Ahern* v. *Board of Supervisors* (7 A D 2d 538, affd. 6 N Y 2d 376) may be read to the contrary, we do not now follow it in view of the foregoing holdings and in view of the fact that the Court of Appeals majority in *Ahern* (*supra*) specifically based its affirmance on another ground only. The case of *St. Clair* v. *Yonkers Raceway* (13 N Y 2d 72) is distinguishable, since (a) it involved an attack on a State statute, not a municipal ordinance; (b) the acts challenged were those of State officials, not municipal officials; (c) it was a taxpayer's action, not an article 78 proceeding; and (d) it involved a State official's conduct in fiscal matters, not the conduct of municipal officials in nonfiscal matters. Moreover, injunctive relief such as that sought in the petition at bar is obtainable in an article 78 proceeding (*Matter of O'Reilly* v. *Grumet,* 308 N. Y. 351, 358; *Matter of Sheridan* v. *Kennedy,* 19 Misc 2d 765, affd. 10 A D 2d 606, affd. 8 N Y 2d 794; *Matter of Clifford* v. *Police Comr.,* 152 N. Y. S. 2d 923, mod. in other respects 2 A D 2d 674, mot. for order of reversal den. 6 N Y 2d 811; *Matter of New York Post Corp.* v. *Leibowitz,* 2 N Y 2d 677, 684; see, also, *Matter of Astwood* v. *Cohen,* 291 N. Y. 484; *Matter of Kraus* v. *Singstad,* 250 App. Div. 384, mod. in other respects 275 N. Y. 302; *Matter of Kornbluth* v. *Rice,* 250 App. Div. 654, affd. 275 N. Y. 597, *supra*; *Matter of Public Porters Assn.* v. *O'Connell,* 8 Misc 2d 1001). In view of the foregoing clear holdings by the Court of Appeals, we are not now following the seemingly contrary determinations banning injunctive relief in article 78 proceedings (cf. *Matter of Daniels* v. *Daniels,* 3 A D 2d 749; *Matter of Pagano Realty Corp.* v. *O'Dwyer,* 195 Misc. 157, affd. 275 App. Div. 705; *Matter of Gapinski* v. *Zoning Bd. of Appeals,* 3 A D 2d 976; *Matter of Edelman* v. *Baumgartner,* 12 A D 2d 922; *Matter of Niegocki* v. *Dennison,* 219 N. Y. S. 2d 109; *Matter of Amalgamated Assn.* v. *Casey,* 134

N. Y. S. 2d 343). We also believe that an article 78 proceeding such as the one at bar is a proper means for an attack on the constitutionality and validity of a village local law (*Matter of Diocese of Rochester* v. *Planning Bd.*, 1 N Y 2d 508, 519–520; *Matter of Romig* v. *Weld*, 276 App. Div. 514, 517; *Matter of Kupferman* v. *Katz*, 19 A D 2d 824, affd. 13 N Y 2d 932). Cases holding that such proceedings cannot be invoked to review legislative acts are not here applicable, since petitioners do not question the propriety or the wisdom of the local law, but the power of the legislative body to enact it in the face of allegedly contrary provisions in the State Constitution and statutes. Apart from the foregoing, it is beyond question that some of the relief sought by petitioners is available in an article 78 proceeding, since they also ask that the respondent board be directed to comply with concededly-valid provisions of section 199-ee of the Village Law and the subject local law when making appointments and assignments of special patrolmen. And petitioners are prima facie entitled to such relief because the respondents' pre-answer motion to dismiss in effect admitted, for the purposes of that motion, the factual allegations of the petition. In view of these facts and in view of the fact that petitioners have standing to bring this proceeding, the motion to dismiss, since it was addressed to the whole petition, should have been denied (*Matter of Siemer* v. *Village Bd.*, *Orchard Park*, 286 App. Div. 135; *Matter of Grimm* v. *City of Buffalo*, 8 A D 2d 689; *Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79, 84; 22 Carmody-Wait, New York Practice, pp. 484–486). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.