Lawrence H. Cooke, J.
Eespondents having registered certain individuals in the New York State register for medical doctors and having added an “ M. D.” inscription to the New York license of said individuals, who originally held New York physician’s and surgeon’s licenses with a D. 0. inscription and who thereafter obtained an M. D. degree from the California College of Medicine (formerly the College of Osteopathic Physicians and Surgeons) following a 1961 contract and 1962 legislation regarding the merger of the osteopathic and nonosteopathic branches of the medical profession in the State of California, each of which recipients received his preliminary and professional education and training only in osteopathic medicine, petitioner brings this article 78 proceeding for a judgment:
“ (a) directing respondents to cancel, revoke and rescind the M. D. inscription granted to recipients of the unearned California College of Medicine 1 M. D. degree ’ who have failed to satisfy and fulfill the licensing requirements of New York’s Education Law for this inscription and to remove reference to such M. D. inscriptions from the records of registration of New York licensed physicians and surgeons;
“ (b) directing respondents to order the recipients of said M. D. inscriptions to remit to respondents their New York licenses and registration certificates as physicians and surgeons so that respondents may physically delete and remove said M. D. inscription and issue to said physicians and surgeons new licenses and registration certificates indicating thereon only the earned D. 0. inscription;
“ (c) enjoining and restraining respondents from in the future granting M. D. inscriptions to recipients of the unearned California College of Medicine ‘ M. D. degree ’ who have been licensed by respondents as physicians and surgeons solely on the basis of their D. 0. degree.”
The duties and responsibilities of respondents in the licensure of physicians and surgeons, as stipulated, are governed by article 131 of the Education Law. Section 6512 thereof was amended as recently as 1961 by adding a new subdivision 3 which reads in part as follows: “ Graduates of colleges of osteopathy registered by the New York state education department who pass the medical licensing examination of the state of New York shall be issued a license to practice medicine and surgery. A license so issued shall contain thereon, following the name of the licensee, the letters D.O.” (Italics supplied.)
*323 Section 6509, as amended in 1960, directs in part: “On receiving from the board an official report that an applicant has successfully passed the examination and is recommended for license, the department shall issue to him a license to practice according to the qualifications of the applicant.” (Italics supplied.)
Section 6511 reads in part: “No diploma or license conferred on a person not actually in attendance at the lectures, instruction and examinations of the school conferring the same, or not possessed at the time of its conferment of the requirements then demanded of medical students in this state as a condition of their being licensed so to practice, and no registration not in accordance with this article shall be lawful authority to practice medicine, nor shall the degree of doctor of medicine be conferred causa honoris or ad eundem nor if previously conferred shall it be a qualification for such practice.” Webster’s Third New International Dictionary (1963) defines “ ad eundem ” as “to, in, or of the same rank — used esp. of the honorary granting of an academic standing or degree by a university to one whose actual work for the standing or degree was done elsewhere. ’ ’
Throughout article 131 of the Education Law the distinction between osteopaths and medical doctors, who subscribe to different principles and employ different systems of therapy, is recognized and implemented and the differing licenses serve to apprise the public of the differing training of the licensee (Matter of Kurk v. Medical Soc. of County of Queens, 24 A D 2d 897 [1965], affd. 18 N Y 2d 928 [1966]; Matter of New York State Osteopathic Soc. v. Allen, 51 Misc 2d 849, 852). In Matter of Kurk v. Medical Soc. of County of Queens (supra) there was evidence that petitioner graduated from an osteopathic college, where the curriculum was similar to that offered in standard medical schools and in addition included courses in osteopathic science, and, upon passing an examination given by the New York State Education Department for holders of M. D. and D. O. degrees, was licensed to practice medicine and surgery in New York State and thereafter received an M. D. degree from the California College of Medicine upon his application and payment of a fee therefor (see 18 N Y 2d 929). The Appellate Division (p. 898) bluntly stated: “ The petitioner is an osteopath, who is a graduate of a school of osteopathy. He has received, therefore, a 1 D. 0.’ license, which is all that he is entitled to.” (Italics supplied.) Here, the attorneys for the parties have entered into a lengthy stipulation of facts, the basic pertinent factual pattern being the same as that revealed by the evidence in Matter of Kurk.
*324 Respondents urge that they were required by the Constitution of the United States to give full faith and credit to the action of the California authorities and, therefore, to inscribe the licenses of the recipients in question with an “ M. D.”. However, in the case of statutes the extra-State effect of which Congress has not prescribed, the full faith and credit clause does not require one State to substitute for its own statute, applicable to persons and events within it, the conflicting statute of another State, even though that statute is of controlling force in the courts of the State of its enactment with respect to the same persons and events (State Farm Ins. Co. v. Duel, 324 U.S. 154, 159-160; Pacific Ins. Co. v. Commission, 306 U. S. 493, 502; 16 Am. Jur. 2d, Constitutional Law, § 590).
The statutes cited and the decision in Matter of Kurk v. Medical Soc. of County of Queens (supra) demonstrate that respondents have exceeded their statutory authority and have acted contrary to the declared public policy of this State. The petition is granted to the extent of directing respondents: (1) to cancel, revoke and rescind the M. D. inscription granted to the recipients in question and to remove reference to such M. D. inscriptions from the records of registration of New York licensed physicians and surgeons, and (2) to order said recipients to remit their New York licenses and registration certificates as physicians and surgeons so that respondents may delete said M. D. inscription and issue new license and registration certificates without an M. D. inscription.