■ In the Matter of ASSOCIATION OF EMPLOYING PLUMBING CONTRACTORS OF NASSAU COUNTY, INC., et al., Appellants, v EDWARD J. GAYNOR, as Commissioner of the Town of Oyster Bay, Department of Planning & Development, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review and annul a determination of the Department of Planning and Development of the Town of Oyster Bay, dated June 7, 1974, to the effect that plastic piping "will not be allowed" in the Town of Oyster Bay, petitioners appeal from a judgment of the Supreme Court, Nassau County, dated October 1, 1974, in favor of respondents dismissing the petition. Judgment reversed, on the law, without costs, and proceeding remanded to Special Term for a hearing, in accordance herewith, with leave to petitioners to move to add the Town Board of the Town of Oyster Bay as a party respondent. This proceeding was commenced by a membership association of plumbing contractors and four individual contractors to review and annul a determination of the Department of Planning and Development of the Town of Oyster Bay, which appears over the signature of respondent Hanold, Superintendent of the Division of Building of the Town of Oyster Bay. The determination advised all plumbers that, as of June 20, 1974, plastic piping would be barred in the Town of Oyster Bay "under any circumstances". Petitioners allege that the New York State Building Construction Code has been, and still is, accepted by Oyster Bay and that the determination is illegal in that it violates the code, which specifically permits the use of plastic piping as a standard material (9 NYCRR 1013.4). Special Term dismissed the petition on the ground that petitioners lacked standing to maintain the proceeding. In our view, Special Term erred in so holding (see *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1; *Matter of Policemen's Benevolent Assn. of Westchester County v Board of Trustees of Vil. of Croton-on-Hudson,* 21 AD2d 693; *Matter of General Bldg. Contrs. of N. Y. State v County of Oneida,* 54 Misc 2d 260; *Empire Elec. Contrs. Assn. v Fabber,* 71 Misc 2d 167).—While it is true, as petitioners allege, that the State Building Code authorizes the use of plastic piping in certain buildings, the code also provides: "Before proceeding with an installation, the installer shall consult with the local authority having jurisdiction to determine the durability of materials and joints used under local conditions. Determination by the local authority shall take precedence over the uses of standard materials and joints permitted in this Article" (9 NYCRR 1010.2). It is thus clear that the building code itself permits local variations with regard to plumbing materials. Upon remand, the hearing should determine whether the determination at issue was properly promulgated under the above-mentioned provisions of the building code. It will be necessary for respondents, at the hearing, to overcome the threshold question whether the regulation was issued by the "local authority having jurisdiction". Leave is herewith granted petitioners to move to add the Town Board of the Town of Oyster Bay as a party respondent so that all proper

parties will be before the court. Rabin, Acting P. J., Hopkins, Latham, Cohalan and Christ, JJ., concur.