■ NASSAU ROOFING & SHEET METAL CO., INC., Respondent, v FACILITIES DEVELOPMENT CORPORATION, Formerly HEALTH & MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered July 13, 1978 in Albany County, which granted plaintiff's motion for a preliminary injunction. Plaintiff Nassau Roofing & Sheet Metal Co., Inc. (hereinafter Nassau Roofing) seeks to enjoin defendant Facilities Development Corporation (hereinafter FDC) from disqualifying the plaintiff as low bidder on future construction contracts because plaintiff allegedly defaulted in the performance of an earlier contract with FDC relating to roofing work for the Lincoln Hospital in Bronx, New York. Evidence was introduced at a hearing on the alleged default showing that substandard materials were used on the Lincoln Hospital roof project, causing the roof to blister, that plaintiff violated the specifications by using asphalt and pitch materials in combination, causing a failure in the roof's waterproofing, and that moisture was allowed to collect within the roof structure, eventually creating numerous "tunnel blisters." Plaintiff commenced the instant action, alleging bias in the hearing officer and claiming that the record lacked substantial evidence to support the FDC's conclusion that the roof's defects were caused by

---

Nassau Roofing. Special Term ruled that FDC's action was arbitrary and capricious and awarded plaintiff a preliminary injunction enjoining FDC from disqualifying plaintiff as low bidder from other public improvements on the basis of its alleged default in performance of its Lincoln Hospital contract. On appeal FDC contends that Special Term erred in granting the preliminary injunction. We agree. In essence, plaintiff has alleged grounds for CPLR article 78 relief. Ordinarily, injunctive relief will not lie where there is an adequate remedy at law in a proceeding under article 78 (Kane v Walsh, 295 NY 198, 206; Southern Leasing Co. v Ludwig, 217 NY 100, 103). However, where a party seeks to preserve the status quo during the pendency of an article 78 proceeding and the remedy at law does not provide a "full measure of relief", a preliminary injunction is appropriate supplemental relief (Matter of O'Reilly v Grumet, 308 NY 351, 358; Matter of Policemen's Benevolent Assn. of Westchester County v Board of Trustees of Vil. of Croton-On-Hudson, 21 AD2d 693, 694; CPLR 6301). However, while the grant of a preliminary injunction lies within the discretion of the court, it may properly issue only when the plaintiff demonstrates "(1) likelihood of his ultimate success on the merits; (2) irreparable injury to him absent granting of the preliminary injunction; and (3) a balancing of equities [citations omitted]" (Albini v Solork Assoc., 37 AD2d 835). Plaintiff has shown that it has been denied contracts where it qualified as the lowest bidder due to the actions of the FDC. Plaintiff has thereby been caused irreparable harm since its damages cannot be ascertained and the legal remedy is inadequate to prevent the harm pending determination of the litigation. Nevertheless, we conclude that Special Term abused its discretion in granting the preliminary injunction. The plaintiff has failed to demonstrate a reasonable probability of being successful on the merits. The record establishes that FDC's proof consists of evidence from an independent roofing expert that the substandard condition of the roof was due to the plaintiff's improper installation. This testimony supports a finding of substantial evidence and/or a rational basis for the FDC decision and suggests that there is little likelihood that plaintiff would be successful on the merits. Further, it appears that plaintiff has also failed to meet the "balancing of the equities" test. In order for a preliminary injunction to issue it must be shown that the irreparable injury to be sustained by the plaintiff is more burdensome to it than the harm caused to defendant through imposition of the injunction (Edgeworth Food Corp. v Stephenson, 53 AD2d 588). Here, the granting of the preliminary injunction will adversely affect FDC's ability to let contracts with assurance of the contractor's reliability during pendency of this litigation in regard to construction work it was given a legislative mandate to expedite. Substantial harm to the operation of FDC is therefore probable. Maintainence of the status quo is the object of the grant of provisional injunctive relief (Chrysler Corp. v Fedders Corp., 63 AD2d 567, 569). It does not appear that the status quo would be maintained on these facts in the instant situation. The order of Special Term should be reversed. Order reversed, on the law and the facts, without costs; motion denied and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Staley, Jr., and Mikoll, JJ., concur; Kane and Herlihy, JJ., dissent and vote to affirm in separate memoranda.

Kane, J. (dissenting). Plaintiff's complaint asserts four causes of action against FDC: three are purely contractual in nature and relate to the completed Lincoln Medical and Mental Health Center project, while the fourth maintains that FDC has wrongfully disqualified plaintiff from receiving consideration as a bidder on subsequent projects. The preliminary

injunction sought by plaintiff arises from this latter claim which, as the majority recognizes, is essentially one for article 78 review of the determination not to entertain future bids submitted by it. Issue has not yet been joined and the propriety of the limited relief granted herein must be ascertained from the moving and opposing papers. The difficulty with the instant record is that in focusing their attention on various aspects of the contractual disagreement, the parties have largely obscured the pertinent legal questions involved in the article 78 proceeding. Although the exact purpose of the "hearing" conducted by FDC is not clear, it was apparently restricted to an evaluation of plaintiff's performance on the Lincoln roofing project since it concluded with a letter from FDC, saying that "the Corporation hereby terminates your employment under your contract for cause as stated." Significantly, there is no indication that the "hearing" could lead to a blanket disqualification on future projects, nor does the quoted letter purport to impose such a sanction. Thus, as I view it, the real issue on this appeal has little to do with whether substantial evidence supports the finding of a default on the Lincoln contract for, even if it does, it would not necessarily follow that FDC is justified in excluding plaintiff from participation in later projects. It is true that FDC has broad discretion to reject bids from inexperienced, irresponsible or unqualified enterprises (L 1968, ch 359, § 1; Health and Mental Hygiene Facilities Improvment Act, § 8, subd 2, par d, as amd by L 1973, ch 392, § 33), but that power cannot be exercised in an arbitrary fashion. The complaint and moving papers allege an automatic exclusion of indefinite duration which, if established, would plainly constitute such an abuse, for logic alone dictates that not all public works are the same and that the reason for a default on one might bear no relationship to the satisfactory completion of another. Plaintiff has referred to an instance where it was barred from competition for a subsequent award while, as noted, FDC has not yet answered the complaint. At this preliminary stage, therefore, the probability of success on the merits seems to favor plaintiff. As for the equities of the matter, the present injunction will not upset FDC's operations; it is narrowly drawn and merely prevents FDC from *summarily* rejecting any bids plaintiff might choose to submit during the pendency of this litigation. The order should be affirmed.

Herlihy, J. (dissenting). The present record discloses that there was some evidence in support of the determination of the agency, but whether or not the record of that proceeding would show such evidence to be substantial evidence is not established herein. The movant quoted portions of the record which tend to establish a failure of due process and otherwise tend to show that there might be reason to doubt the substantiality of the evidence establishing fault on the movant's part. Special Term specifically found a denial of due process (bias) and at the present posture of this proceeding I do not find that Special Term abused its discretion in granting the motion. Insofar as it is suggested that there would be substantial harm to the Facilities Development Corporation, it would seem apparent that appropriate supervision of the contractor's performance is all the protection it would need. The order should be affirmed.