NASSAU ROOFING & SHEET METAL, INC., Appellant, v FACILITIES DEVELOPMENT CORPORATION, Formerly HEALTH AND MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, et al., Defendants, and CELOTEX CORPORATION et al., Respondents. (And Two Third-Party Actions.)

Third Department, March 6, 1986

## APPEARANCES OF COUNSEL

*Deutsch & Spring (Laurence E. Deutsch* of counsel), for appellant.

*Tunstead, Schechter & Torre (Jonah C. Grill* of counsel), for Celotex Corporation, respondent.

*Donohue, Donohue & Sabo (George C. Cooley* of counsel), for Max O. Urbahn Associates, respondent.

*Ainsworth, Sullivan, Tracy & Knauf (Frank M. Pell* of counsel), for Turner Construction Company, respondent.

*Pentak, Brown & Tobin (Robert A. Murphy, Jr.,* of counsel), for Lord Electric Company, Inc., respondent.

*Bouck, Holloway, Kiernan & Casey (Michael Jon Longstreet* of counsel), for Wolff & Munier, Inc., respondent.

*Horigan & Horigan (Thomas V. Blaber* of counsel), for D & F Masons, Inc., respondent.

*Alberti & Epstein (Nolan & Heller [Robert C. Weisenberger]* of counsel), for United Specialties and another, respondents.

## OPINION OF THE COURT

MAIN, J.

In 1972, plaintiff entered into a contract with defendant Facilities Development Corporation (FDC) under which plaintiff was to supply labor and materials for roofing work at Lincoln Hospital, located in Bronx County. One provision of that agreement allowed FDC to cancel the contract if it determined that plaintiff was not performing its work according to the contract's terms. Before it could take such action, however, FDC was obliged to provide plaintiff with a hearing on the matter and, thereafter, a written decision setting forth the reasons why the contract was being terminated.

After problems developed with the roof, FDC directed plain-

tiff to repair and replace the roof. When plaintiff failed to do so, FDC conducted a hearing, as required by the contract, and ultimately determined that the problems with the roof were the result of plaintiff's "improper workmanship and lack of ordinary care". Accordingly, FDC terminated the contract with plaintiff.

Plaintiff thereafter commenced this action against, *inter alia,* FDC and the hospital building's architect, the project's construction manager, the heating and air conditioning contractor, the masonry contractor, the electrical contractor and the manufacturer of roofing materials used by plaintiff. In its complaint, plaintiff requested, *inter alia,* a declaratory judgment of the rights and obligations of plaintiff and FDC with regard to the repair of the hospital's roof. Two third-party actions were then commenced.

After FDC disqualified plaintiff as low bidder on future construction contracts because of the problems encountered at the Lincoln Hospital project, plaintiff sought and received from Special Term a preliminary injunction enjoining FDC from so disqualifying plaintiff. This court reversed (70 AD2d 1021, *appeal dismissed* 48 NY2d 654), holding that plaintiff was not entitled to a preliminary injunction because it had "failed to demonstrate a reasonable probability of being successful on the merits" *(supra,* at p 1022). In this court's decision, it was recognized that, although the litigation commenced by plaintiff was labeled an action rather than a proceeding pursuant to CPLR article 78, plaintiff had, "[i]n essence * * * alleged grounds for CPLR article 78 relief" as against FDC *(supra,* at p 1022). As part of its analysis of whether plaintiff had made the necessary showing of, *inter alia,* likelihood of success on the merits and, thus, entitlement to a preliminary injunction, this court stated (p 1022): "The plaintiff has failed to demonstrate a reasonable probability of being successful on the merits. The record [from the FDC hearing] establishes that FDC's proof consists of evidence from an independent roofing expert that the substandard condition of the roof was due to the plaintiff's improper installation. This testimony supports a finding of substantial evidence and/ or a rational basis for the FDC decision and suggests that there is little likelihood that plaintiff would be successful on the merits".

Thereafter, several defendants and third-party defendants, but not FDC, moved for leave to amend their answers by adding the affirmative defense of collateral estoppel and for

summary judgment on the ground of collateral estoppel. According to these moving parties, by virtue of the FDC determination, which had been rendered after a hearing, and this court's previous decision, plaintiff was now collaterally estopped from asserting that the problems with the hospital's roof were attributable to any party but itself. Special Term agreed and granted the moving parties' motions. This appeal by plaintiff ensued.

"The doctrine of collateral estoppel * * * precludes a party from relitigating in a *subsequent* action or proceeding an issue clearly raised in a *prior* action or proceeding and decided against that party" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500; emphasis supplied; *see, Keeler v West Mountain Corp.,* 105 AD2d 953, 954). Special Term reasoned that the FDC determination was "conclusive" because it was rendered after FDC's own adjudicatory proceeding, which the court apparently believed was the "prior action or proceeding" *(Ryan v New York Tel. Co., supra,* p 500) from which flowed a determination deserving of collateral estoppel effect in future litigation. Such reasoning is clearly faulty. This very action is the litigation commenced by plaintiff seeking the judicial review of the FDC determination to which it is entitled. No court, including this one, has yet undertaken such review. Our prior decision in this case addressed only the issue which was before the court at that time, namely, whether Special Term properly granted plaintiff a preliminary injunction. Any language in that decision indicating that there may be substantial evidentiary support for the FDC determination was gratuitous and merely incidental to our analysis of the issue before us, and, as such, is not to be afforded collateral estoppel effect *(see, De Ronda v Greater Amsterdam School Dist.,* 91 AD2d 1088, 1089).

In short, because there is no prior action or proceeding to which any court could, at present, possibly look for a determination to be afforded collateral estoppel effect, Special Term erred in granting the motions on the ground of collateral estoppel. Accordingly, the order must be reversed insofar as it granted summary judgment to the moving parties.

MAHONEY, P. J., KANE, YESAWICH, JR., and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted the motion and cross motions for summary judgment; such motions denied; and, as so modified, affirmed.