NASSAU ROOFING & SHEET METAL COMPANY, INC., Appellant, v
FACILITIES DEVELOPMENT CORPORATION, Formerly Known
as HEALTH AND MENTAL HYGIENE FACILITIES IMPROVE-
MENT CORPORATION, Appellant, and CELOTEX CORPORATION
et al., Respondents, et al., Defendant. (And a Third-Party
Action.)

Third Department, November 5, 1987

## APPEARANCES OF COUNSEL

*Deutsch & Spring (Laurence E. Deutsch* of counsel), for Nassau Roofing & Sheet Metal Company, Inc., appellant.

*Robert Abrams, Attorney-General (Richard J. Dorsey* of counsel), for Facilities Development Corporation, appellant.

*Tunstead, Schechter & Torre (Craig M. Nisnewitz* of counsel), for Celotex Corporation, respondent.

*Donohue, Donohue & Sabo (Bruce S. Huttner* of counsel), for Max O. Urbahn Associates, respondent.

*Pentak, Brown & Tobin (Robert A. Murphy, Jr.,* of counsel), for Lord Electric Company, defendant-respondent.

*Cooper, Erving, Savage, Whalen, Nolan & Heller (Ellen Bennett Becker* of counsel), for United Specialties, Inc., and another, third-party defendants-respondents.

## OPINION OF THE COURT

WEISS, J.

The facts underlying this tortuous litigation are delineated in the numerous decisions previously before this court *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 125 AD2d 754; *Nassau Roofing & Sheet Metal v Facilities Dev. Corp.,* 115 AD2d 48; *Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 74 AD2d 679; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021, *appeal dismissed* 48 NY2d 654; *Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 70 AD2d 395). This most recent appeal was precipitated by the motions of the various defendants, excepting defendant Facilities Development Corporation (FDC), seeking, *inter alia,* a

severance of plaintiff's first and ninth causes of action and review of these claims pursuant to CPLR article 78. Plaintiff's first cause of action seeks a declaration of the respective rights and obligations of itself and FDC under the contract. The ninth cause of action seeks a declaration that FDC had no right to disqualify plaintiff from bidding on future FDC contracts. By order entered September 22, 1986, Supreme Court granted the motions to the extent of severing the first and ninth causes of action and directed that a hearing be held with respect to forwarding these claims to the Appellate Division pursuant to CPLR 7804 (g). Thereafter, by order entered January 2, 1987, Supreme Court directed the transfer of the first and ninth causes of action to this court. Plaintiff and FDC have appealed from the order of transfer.

■ Initially, we observe that neither plaintiff nor FDC appealed from Supreme Court's order of conversion severing the first and ninth causes of action, and thus have waived any objection in this regard. In any event, plaintiff acknowledges that the ninth cause of action was properly converted into an article 78 proceeding. In addition, FDC has effectively stipulated that plaintiff will not be disqualified from bidding on future FDC contracts, thereby rendering this aspect of the case moot. Moreover, the first cause of action was properly severed, for plaintiff is not asserting a contractual claim therein, but is seeking the judicial review of FDC's determination after a hearing that plaintiff failed to conform to the contract specifications *(see, Nassau Roofing & Sheet Metal v Facilities Dev. Corp.,* 115 AD2d 48, 51, *supra; cf., Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958).

■ ■ We find, however, that Supreme Court erred in transferring the converted article 78 proceeding to this court for review. Preliminarily, we observe that since FDC defaulted on the underlying motion, it was not entitled to appeal this order (CPLR 5511; *see,* Siegel, NY Prac § 525, at 720). Accordingly, FDC's appeal must be dismissed.* Defendant Lord Electric Company, Inc., further maintains that the appeals of both FDC and plaintiff should be dismissed since there is no appeal as of right from a nonfinal order in an article 78 proceeding (CPLR 5701 [b] [1]). Even were we to accept this contention, the order of transfer gives this court jurisdiction over the

---

* We note that the letter of Assistant Attorney-General Arthur Patane, dated December 10, 1986, was not made a part of the record and thus is not properly before us.

converted article 78 proceeding, requiring us to assess the propriety of the transfer.

A transfer pursuant to CPLR 7804 (g) is authorized only where a question of substantial evidence is raised following an adjudicatory hearing *(Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 120 AD2d 166, 169, *lv denied* 69 NY2d 921). Where agency action follows a discretionary or informational hearing, judicial review pursuant to CPLR article 78 is in the nature of mandamus to review (CPLR 7803 [3]), in which case the court in which the proceeding is commenced must determine whether the agency's action has a rational basis *(Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra).* In effect, the nature of the underlying administrative proceeding charts the course of judicial review.

Here, the FDC hearing which was conducted was not mandated by law, but held pursuant to a contractual provision between the parties for the express purpose of inquiring into plaintiff's performance under the contract. Particularly telling are the introductory comments of the Hearing Officer, who described the hearing as a "meeting" to afford plaintiff an opportunity to show cause why FDC should not terminate plaintiff's employment for failure to perform. The Hearing Officer continued, as follows: "Now, gentlemen, this is an *informal meeting,* and normally we would not insist on any rules of evidence being complied with. This is particularly important since everyone is not represented by counsel, I believe and the *purpose is just to accumulate information* to aid in the determination of [FDC] in making a decision in the matter" (emphasis supplied). The Hearing Officer further explained, "We're here to illicit *[sic]* information and so long as it's fair to everyone, I'm not particularly concerned in the method of developing that information." Witnesses at the hearing were unsworn.

Given this context, we find that the FDC hearing was not quasi-judicial, but informational in nature. Very clearly, "procedures substantially similar to those used in a court of law" were not implemented *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499), nor was the hearing conducted in accordance with State Administrative Procedure Act article 3 *(see,* Siegel, NY Prac § 560, at 783). As indicated, the hearing was not expressly required by law, nor do the circumstances warrant the implication of such a requirement *(see, Matter of Hecht v*

*Monaghan,* 307 NY 461, 468; *see also,* Siegel, NY Prac § 560, at 783).

█ It follows that judicial review is not through certiorari but by mandamus to review, and the proper test to be applied is whether there is a rational basis for the administrative determination. Transfer to this court was inappropriate and, given the circumstances of the case, we do not consider it judicially economical to retain the proceeding *(see,* CPLR 7804 [g]; *compare, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 120 AD2d 166, 169, *supra).* Plaintiff's submissions in opposition to the motions for severance show that evidence has developed since the FDC hearing indicating that the polyurethane insulation manufactured by defendant Celotex Corporation and specified for use in the subject roofing project was defective. FDC candidly concedes in its brief that "further technical and scientific information on the roof failure" has come to light since the FDC hearing. The need to further develop the record on this issue is readily apparent and within Supreme Court's prerogative *(see,* CPLR 7804 [h]; 8 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 7803.04, 7803.10). While this decision anticipates a further hearing, we emphasize that the ultimate issue of whether the agency's action was rational remains the same *(see,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7803.14). Accordingly, the matter should be remitted to Supreme Court for review pursuant to CPLR 7803 (3). In so deciding the instant appeal, we make no representations as to whether the FDC determination would be accorded collateral estoppel effect in favor of the moving defendants.

MAHONEY, P. J., KANE, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, without costs, appeal of defendant Facilities Development Corporation dismissed, and matter remitted to Supreme Court for further proceedings not inconsistent herewith.