OPINION OF THE COURT
John J. Ark, J.
The undisputed facts are that 30 out-of-state individuals were tenants at 1600 East Avenue in the City of Rochester on or about June 18, 2002 through August 1, 2002 for the specific purpose of working on a political campaign, one task of which was to collect signatures for nominating petitions. The 30 individuals filled out applications for appointments as commissioners of deeds so that they could collect signatures for nominating petitions. The Clerk of the City of Rochester issued the commissions. The respondent commissioners then participated in the acknowledgment of signatures on statewide designating petitions which were filed for the nomination for the public office of Lieutenant Governor of the State of New York. The designating petitions challenge petitioner Donohue.
Petitioners originally sought a writ of prohibition for an order:
*666 (1) invalidating and declaring null and void the appointment of the named respondents as commissioners of deeds in the City of Rochester, County of Monroe;
(2) invalidating and declaring null and void any designating petitions, oaths, acknowledgments or proofs of execution taken by said respondents;
(3) directing the respondents to cease and desist from acting as or holding themselves out as commissioners of deeds in that the commissioners of deeds were ineligible for the commissions they received, and/or such commissions were issued improperly by the Clerk of the City of Rochester; and
(4) restraining respondent New York State Board of Elections from accepting and validating any documents, including designating petitions, acknowledged or proofs of execution taken by said respondents.
At oral argument on August 2, 2002, petitioners withdrew both their requests for relief against the State Board of Elections and their challenges to the actions of the respondent commissioners and limited their challenge to the respondents’ eligibility to be appointed commissioners of deeds. On or after August 2, 2002, 29 of the respondent commissioners resigned their commissions. Petitioners now only seek a determination as to whether the respondent commissioners of deeds fulfilled the residency requirements of Executive Law § 139 (3).
Respondents counter that:
(1) petitioners lack standing and have presented a petition merely verified by counsel, and counsel’s legal assistant/ secretary without even a remote allegation of interest in this proceeding;
(2) petitioners fail to allege any facts prohibited or falling under Executive Law § 139 (3);
(3) petitioners do not have a justiciable issue;
(4) even assuming arguendo that the commissioners of deeds were ineligible to receive the commissions, the express terms of Executive Law § 142-a provide that even if a commissioner of deeds is “ineligible,” the acts of the commissioner of deeds are valid as a matter of law; and
(5) the petition is now moot because the petitioners have withdrawn all of the substantive relief requested; the respondent commissioners have resigned their commissions; and the respondent Clerk has already instructed her staff as to the requirements for a commissioner of deeds appointment.
This decision will address each of the contentions.
*667 Do the petitioners lack standing since their petition is merely verified by counsel, and counsel’s legal assistant/secretary without even a remote allegation of interest in this proceeding?
As set forth in Policemen’s Benevolent Assn. of Westchester County v Board of Trustees of Vil. of Croton-on-Hudson (21 AD2d 693 [2d Dept 1964]), a person who is a citizen, resident and taxpayer even though having no personal grievance or personal interest in the outcome may institute a CPLR article 78 proceeding when the matter at hand is one of public interest. A commissioner of deeds is a public officer who can take oaths and acknowledgments for various transactions, including the transfer of real property. Although not a primary objective, this petition has brought to light gross inadequacies in the issuance of commissioners of deeds by the Clerk of the City of Rochester. These issuance processes should be immediately reviewed and corrected. The petitioners have standing and have drawn attention to a flawed governmental system.
Does petitioner Donohue have standing?
The respondents becoming commissioners of deeds is a critical step in challenging petitioner Donohue’s election as Lieutenant Governor of New York. Accordingly, her seeking a determination as to whether the respondent commissioners of deeds fulfilled the residency requirements of Executive Law § 139 (3) is arguably within the zone of interest to be protected by the statutory provisions she seeks to enforce. Respondent City Clerk’s decision to appoint the out-of-state individual respondents as commissioners of deeds is not only shown to have a harmful effect upon petitioner Donohue, but there is no clear legislative intent negating review. (Matter of Axelrod v Sobol, 78 NY2d 112 [1991].) Furthermore, petitioner Donohue can claim to be “one of those who have been wrongly injured by administrative action * * * directly flowing from statutory authority.” (Mahoney v Pataki, 98 NY2d 45, 52 [2002].) Accordingly, petitioner Donohue has standing.
Does the petition contain a justiciable issue or is the petition now moot?
As typified by issuing commissions which were missing addresses, procedures of the Clerk of the City of Rochester for processing and verifying commissioners of deeds applications are inadequate. The resignations of the commissions may abrogate these specific inadequate applications, but they do not remedy the systemic failings of the Clerk of the City of Rochester. While the respondent Clerk acknowledges that her processing of applications for commissioners of deeds is to *668 change, she maintains that “[r]evised written instructions will be released after a decision in this proceeding.” Deeming this proceeding moot will not serve as an incentive to the respondent Clerk to correct an inadequate and flawed process. Accordingly, the petitioners have both a general continuing justiciable issue and a specific claim since respondent Parker Cannon has not resigned his commission.
Have petitioners alleged any facts prohibited or falling under Executive Law § 139 (3)?
Executive Law § 139 (3) establishes that “[a]ny person who resides in or maintains an office or other place of business in any such city and who resides in the county in which said city is situated shall be eligible to appointment” as a commissioner of deeds.
There is no dispute that the respondent commissioners (other than Philip Oliver who resides in Monroe County) were in Rochester for the temporary and limited purpose of working on a certain political campaign. But are they residents? In defining residence for the Public Officers Law (which alludes to the appointments of local officers in section 8), the Court of Appeals in Matter of Hosley v Curry (85 NY2d 447, 451) held “[flor a change to a new domicile to be effected, there must be a union of residence in fact and an ‘absolute and fixed intention’ to abandon the former and make the new locality a fixed and permanent home.”
The respondent commissioners (other than Philip Oliver) clearly had no intention to make either Rochester or Monroe County “a fixed and permanent home.” Thus, the respondent commissioners (other than Philip Oliver) are not residents of either Rochester or Monroe County and should not have been appointed commissioners of deeds.
Fourteen of the respondent commissioners, to wit: Brienna Biscotti, Dana Cate, Daniel Clayson, Philip W. Clayton, James H. Maher, Love Mulyck, Gordon Nelson, Erick Peyton, Jerry Platz, Ari Rothbaum, Dustin Charles Spurbeck, Mark Swanson, Ryan Jouggla-Roth, Kenneth E. Webb, have a more difficult problem. The commissioner of deeds applications have blank lines for the applicant to fill in the street address where he or she resides. Other than the information requested in the application, the Clerk of the City of Rochester makes no additional inquiry as to, or verification of, the residence of the applicant. These 14 applicants left blank the residential street address, thereby indicating no residence whatsoever. The 14 applicants were at fault for not filling in completely the ap *669 plications and the respondent Clerk was at fault for not adequately reviewing the applications before issuing the commissions. Setting forth specific addresses is the sine qua non of establishing residence, failing which these 14 commissions are void ab initio.
Because they are not residents of either the City of Rochester or County of Monroe, the appointments of respondents Brienna Biscotti, Dana Cate, Daniel Clayson, Philip W. Clayton, James H. Maher, Love Mulyck, Gordon Nelson, Erick Peyton, Jerry Platz, Ari Rothbaum, Dustin Charles Spurbeck, Mark Swanson, Ryan Jouggla-Roth, Kenneth E. Webb, James L. Campbell, Greg Cartwright, Tiffany Covington, Kathryn Lakey, James McAfee, Brett Manger, Kahlifi McGee, Rebecca Renfro, Annette Stallman, Jason Theis, Sarah Young, Stacey Adams, Parker Cannon, Cheryl Kanski, Linda Gail Young and Robert Ziegler as commissioners of deeds in the City of Rochester, County of Monroe, are hereby invalidated and declared null and void.
Does the application of Executive Law § 142-a validate the acts of an “ineligible” commissioner of deeds as a matter of law?
Since petitioners are not challenging the actions of the respondent commissioners, the validating effect of Executive Law § 142-a is not considered in this proceeding.