■ In the Matter of MARAT FRONSHTEIN, Appellant, v RICK D. CHANDLER et al., Respondents. [55 NYS3d 196]—

Order and judgment (one paper), Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about August 5, 2016, which denied the petition seeking to invalidate respondents' August 11, 2015, denial of petitioner's application for a master electrician's license and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Contrary to petitioner's argument, this article 78 proceeding did not involve a question of substantial evidence. The investigatory hearings before the Master Electrician Licensing Board are not "hearings pursuant to law" within the meaning of CPLR 7804 (g) (*see Matter of Solomon v Department of Bldgs. of City of N.Y.*, 46 AD3d 370, 371 [1st Dept 2007], *lv denied* 10 NY3d 712 [2008]; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 131 AD2d 171, 174 [3d Dept 1987]).

Respondents' denial of petitioner's application, on the ground that he lacked good moral character, was not arbitrary and capricious, had a rational basis, and was not an abuse of discretion (*see Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]). Based on his testimony that he performed "low voltage work" while he was self-employed, respondents rationally concluded that petitioner engaged in unlicensed electrical work, in violation of the New York City Electrical Code (Administrative Code of City of NY § 27-3004). Although the statute recognizes an exception for "low voltage work" performed under a certification issued to a "low voltage installer" (Administrative Code § 27-3017 [a] [2]), petitioner did not possess a low voltage certification. Respondents' finding that petitioner performed unlicensed electrical work constitutes a rational basis for its determination that petitioner therefore lacked good moral character (*see Matter of Cambridge v Commissioner of N.Y. City Dept. of Bldgs.*, 14 AD3d 373, 375-377 [1st Dept 2005]).

Petitioner's reliance on Administrative Code § 27-3018 (b) is misplaced. The fact that certain low voltage work does not require a permit to be filed with the Department of Buildings does not mean that unlicensed individuals may perform low voltage work.

Petitioner's due process arguments are unavailing. Petitioner did not have a due process right to a hearing regarding his initial application for a license (*see Matter of Rasole v Department of Citywide Admin. Servs.*, 83 AD3d 509 [1st Dept 2011]). Because the July 16, 2015 meeting was not a hearing, respondents were not required to notify petitioner and afford him an opportunity to be heard.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Acosta, P.J., Renwick, Mazzarelli, Andrias and Manzanet-Daniels, JJ.