■ In the Matter of SANFORD REINGOLD, Respondent, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants. — Order, Supreme Court, New York County (Arthur E. Blyn, J.), entered February 21, 1984, which granted the petition for annulment of a determination of the Personnel Department of the City of New York, reversed, on the law, the determination is confirmed, and the petition is dismissed, without costs.

In this CPLR article 78 proceeding petitioner challenges the denial to him by respondent, Personnel Director, of a license as a master plumber. Special Term granted the petition and directed the issuance of a license. We disagree and reverse, for reasons set forth below.

Respondent Personnel Director has authority to determine the qualifications of persons applying for licenses where the issuing agency delegates such authority to him, as the Buildings Department has done herein. (See, NY City Charter § 819; see also, § 813 [a] [6]; § 817.) Administrative Code of the City of New York chapter 26 provides that such a license shall be issued to applicants who meet certain criteria. To be eligible an applicant must pass both written and practical examinations and must submit satisfactory proof establishing seven years of experience in plumbing systems design and/or installation. (Administrative Code § B26-2.4 [a]; §§ B26-1.2, B26-1.3.) Petitioner passed the examinations. However, in December 1979, respondent notified petitioner that his proof of experience had been determined insufficient under a previously invalidated "earnings test." (Matter of Weiss v Beame, 51 AD2d 712 [1st Dept 1976], affg on opn below.) Petitioner commenced an article 78 proceeding which the court granted to the extent of directing respondents to

conduct an evidentiary hearing to ascertain whether petitioner had the requisite years of experience.

In May 1982 a hearing was held, at which petitioner was represented by counsel. Petitioner proferred the testimony of seven witnesses, two of whom were master plumbers. The evidence showed that petitioner worked for a licensed plumber from 1971 until 1972, and in 1973-1978 was a self-employed, unlicensed plumber. The great majority of his work involved buildings located in Soho, in which loft spaces were illegally converted into residential ones. Petitioner could obtain neither work permits nor the lawful supervision of master plumbers for these illegal conversions. Yet, once such conversions were legalized in 1981, master plumbers could and did "sign-off" on the plumbing work done for purposes of residents obtaining certificates of occupancy. (Administrative Code § B26-1.8; L 1982, ch 349.)

The administrative law judge submitted a report and a recommendation to the Personnel Director. Over petitioner's objection, the administrative law judge accepted the Department of Personnel's interpretation of "experience in the design and/or installation of plumbing systems" under Administrative Code § B26-2.4 (a) as requiring that the applicant show that a master plumber oversaw or directly supervised plumbing design or installation in conformity with Administrative Code § B26-2.0. The latter statute provides in pertinent part that "It shall be unlawful to install or alter plumbing or plumbing systems, or gas piping, in or in connection with any building in the city on and after the effective date of this title, unless such work is * * * under the direct supervision of a person licensed as a master plumber". He noted that a majority of petitioner's experience was obtained in violation of both the direct supervision and work permit requirements under Administrative Code §§ B26-2.0, C26-109.1. He concluded that petitioner had not demonstrated seven years of directly supervised experience.

The Personnel Director adopted the findings of the administrative law judge's report, to the extent that petitioner had only demonstrated three years of directly supervised experience, and determined to deny petitioner's application. It is Special Term's decision on the proceeding challenging that denial which is here on appeal.

Special Term granted the petition on the ground that there was substantial evidence of seven years' frequent and regularly supervised experience. It also held that respondents abused their discretion in refusing to credit petitioner with the experi-

ence he had gained in violation of the Administrative Code's requirement for work permits.

Special Term misapprehended the basis for the administrative determination. Respondent clearly evaluated the sufficiency of petitioner's proof solely with respect to the direct supervision criterion. We conclude that there was a rational basis for the determination to refuse credit for unsupervised work under respondent's interpretation of Administrative Code § B26-2.4 (a). It is beyond cavil that the construction given to statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld. (*Matter of Howard v Wyman,* 28 NY2d 435 [1971].) On these facts the Personnel Director's interpretation of section B26-2.4, to authorize the refusal of credit for experience gained without direct supervision in violation of section B26-2.0, is not unreasonable. These statutes are properly harmonized under the rule that "all parts of an act are to be read and construed together to determine the legislative intent." (McKinney's Cons Laws of NY, Book 1, Statutes § 97.) A narrow construction of the term "experience" is also preferable because it effectuates the purpose underlying the licensing statute and regulatory requirements in the plumbing trade, public health and safety. (McKinney's Cons Laws of NY, Book 1, Statutes § 96.) Plumbers' responsibilities have an impact upon public health and safety since they include the installation of gas piping, connections to the potable water supply, and connections to the sewers.

Reading the master plumber supervision requirement of section B26-2.0 into the experience requirement furthermore is consonant with respondents' duty to guard against licensure of incompetent and unfit individuals. (*See, Matter of Tchernoff v Davidson,* 36 AD2d 527 [1st Dept 1971].) Considerations of public policy concerning the use of unlawfully obtained work experience also support respondents' interpretation. (*See, Matter of Maloney v Nassau County Civ. Serv. Commn.,* 46 NY2d 1003 [1979].)

We find that substantial evidence supports the finding that petitioner lacked four of the requisite seven years of qualifying experience. Respondent here utilized the trade definition of "direct supervision", provided by one of petitioner's two master plumber witnesses, to evaluate petitioner's proof. Daily job visits or, for employees whose work was known, layout planning and a minimum of three inspections at various stages, constituted direct supervision. (*See,* Administrative Code § B26-2.0 [c], eff 1981.) Petitioner failed to sustain his burden of proof. (*Matter of Employers Claim Control Serv. Corp. v Workmen's*

*Compensation Bd.,* 35 NY2d 492, 499 [1974].) Petitioner demonstrated three years' experience, 1971-1973, but his proof of supervision on enumerated projects post-1973 was markedly deficient. Respondent is constrained by the Administrative Code from crediting petitioner's experience involving loft conversions, which was understandably unsupervised since it was, at the time, illegal. The evidence concerning "sign-off" and inspection by master plumbers on petitioner's work after conversions were legalized was insufficient proof of direct supervision.

There is, therefore, ample evidence to support respondents' determination to deny petitioner's application. Judicial examination of an administrative determination should be limited to a review of the record for substantial evidence that supports a rational and lawful basis for that determination. (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231 [1984].) That others would require stronger evidence to reach the ultimate conclusion, and that a similar quantum of evidence may be available to support another and different conclusion is irrelevant. (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978].) Concur — Asch, Fein and Rosenberger, JJ. Kupferman, J. P., concurs in the result only.