■ In the Matter of THOMAS AURINGER, Respondent, v DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK et al., Appellants. [805 NYS2d 344]—

Judgment, Supreme Court, New York County (Karen Smith, J.), entered September 2, 2004, granting the petition brought

pursuant to CPLR article 78 to vacate and annul respondents' denial of petitioner's application for a hoisting machine operator's license, and directing the issuance of a license forthwith, unanimously reversed, on the law, without costs, and the petition denied and dismissed, without prejudice to petitioner's resubmission of his application.

Respondent Department of Citywide Administrative Services' (DCAS) interpretation of Administrative Code of City of NY § 26-169 (a) to require two years of full-time experience as a condition of issuing a hoisting machine operator's license, is not rationally based. The Administrative Code requires, in relevant part, two years of "appropriate experience," without distinction as between full- and part-time experience, and there appears no reason why part-time experience should not count towards satisfaction of the experience requirement, so long as the total experience aggregates to two full years.

On the other hand, an application for a hoisting machine operator's license is deniable for lack of appropriately supervised experience, i.e., experience supervised by a licensed operator. Here, however, there appears no sufficient ground for DCAS's conclusion that petitioner had not had the required two years of supervised experience. Although the names of more than one supervisor were listed on petitioner's application in its addendum, DCAS without explanation refused to recognize those supervisors. Similarly without rational basis was respondent's refusal to credit petitioner's experience at Cavalier Construction Corporation. Although it is true that the supervisors named in connection with the Cavalier work, Thomas Durante and William Beach, were not employed by Cavalier, both attested that they were working at the same project site as Cavalier, and oversaw petitioner in the performance of his job responsibilities there. If there was some reason to conclude that, contrary to Durante's and Beach's sworn representations, petitioner was not in fact supervised by a licensed operator during his more than three years at Cavalier, it is not apparent from the record.

Nonetheless, while the record did not permit the agency to deny the license application for the reasons given, neither is it adequate to permit us to conclude that petitioner does in fact have "appropriate experience" and that he should be issued a license. The affidavits of Durante and Beach and another supervisor, William Tessoni, who attested to having worked at various projects simultaneously, are too cursory to demonstrate any more than that, contrary to DCAS's contention, the employment histories these supervisors provided in support of petitioner's application do not necessarily conflict with their

employment histories already in DCAS's possession. As to Durante's and Beach's supervision of petitioner at Cavalier, neither of their affidavits establishes that the supervision was continual, rather than intermittent or piecemeal. Accordingly, the petition must be denied and dismissed.

This disposition is without prejudice, however, to petitioner's resubmission of his application. In view of our finding that DCAS's interpretation of the statutory requirement of two years' experience is not rationally based, the agency would be well advised, upon petitioner's resubmission of his application, to reconsider its interpretation. Concur—Buckley, P.J., Saxe, Marlow, Ellerin and Williams, JJ.