■ In the Matter of Scott Kreitzer, Respondent, v New York City Department of Buildings et al., Appellants. [806 NYS2d 532]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered September 15, 2004, which, insofar as appealed from as limited by the briefs, granted petitioner's application to annul the determination of respondent Department of Buildings (DOB) "nullifying" petitioner's master plumber's license as erroneously issued, unanimously affirmed, without costs.

DOB advised petitioner by letter that it intended to "nullify" his master plumber's license on the ground that an investigation revealed that at the time it was issued, more than 11 years earlier, petitioner was not employed, and had not met the requirement of seven years' prior experience in the "direct employ" of a licensed master plumber. Petitioner contested the agency's determination, and requested a hearing. He then brought this CPLR article 78 proceeding for an order enjoining DOB from nullifying his license, or alternatively, enjoining DOB from proceeding with the nullification until he had an opportunity for discovery and a hearing. The IAS court granted that portion of Kreitzer's petition seeking to annul DOB's action. We affirm.

Because the matter presented is one of pure statutory interpretation, no deference is accorded to the agency's determinations (*Matter of Guido v New York State Teachers' Retirement Sys.*, 94 NY2d 64, 68 [1999]). Interpretation of Administrative Code of the City of New York title 26 to engraft the "direct employ" language from section 26-141 (c) onto the "seven years' prior experience" requirement for eligibility for a license under Administrative Code § 26-146 (a) (1) is irrational. Section 26-146 does not contain any such requirement, and the record shows that when the subject license was issued DOB did not so interpret it.

The Department of Personnel's evaluation of petitioner's application was based on the endorsement of seven licensed master plumbers, under whose supervision petitioner had worked for more than the requisite seven years (*cf. Matter of Reingold v Koch,* 111 AD2d 688 [1985], *affd* 66 NY2d 994 [1985] [application properly denied where petitioner had only three years of supervised experience]). To establish that petitioner was also under the "direct employ" of these licensed master plumbers is an onerous requirement, not found in the statute. We decline to adopt such an interpretation, and we affirm the court's finding that petitioner's license was lawfully obtained. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.