◼ In the Matter of THOMAS AURINGER, Appellant, v DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES OF THE CITY OF NEW YORK et al., Respondents. [813 NYS2d 425]—

Order and judgment (one paper), Supreme Court, New York County (Faviola A. Soto, J.), entered August 24, 2004, which denied petitioner's application to annul the determination of respondent Citywide Administrative Services denying petitioner's application for a master rigger's license, and dismissed the petition, unanimously affirmed, without costs.

The experience required for a master rigger's license is set forth in Administrative Code of the City of New York § 26-176— "at least five years' practical experience in the hoisting and rigging business." Petitioner's application was denied for failure to show that his experience was acquired under the supervision of a licensed master rigger. We reject petitioner's argument that respondent arbitrarily added a requirement for the license. A rational basis for the additional requirement of supervision under a licensed master rigger can be found in Administrative Code § 26-172, which makes it unlawful to hoist or lower any article on the outside of any building unless such work is performed by or under the supervision of a licensed rigger (*see Matter of Reingold v Koch*, 111 AD2d 688, 690 [1985], *affd* 66 NY2d 994 [1985]). We have considered and rejected petitioner's argument that his submissions in any event demonstrated the requisite supervision by a licensed master rigger (*see Matter of Auringer v Department of Bldgs. of City of N.Y.*, 24 AD3d 162, 163-164 [2005]). Concur—Nardelli, J.P., Williams, Catterson, McGuire and Malone, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GREENSLADE, Appellant. [813 NYS2d 689]—Judgment, Supreme Court, New York County, (James Yates, J.), rendered on or about April 13, 2005, unanimously affirmed. No opinion. Order filed. Concur—Nardelli, J.P., Williams, Catterson, McGuire and Malone, JJ.