■ In the Matter of PETER CARDONE et al., Appellants, v CITY OF NEW YORK DEPARTMENT OF BUILDINGS et al., Respondents. [818 NYS2d 206]—

Judgment (denominated an order), Supreme Court, New York County (Saralee Evans, J.), entered February 9, 2004, determining petitioner Duval's application for a master plumber's license was properly denied, unanimously affirmed, without costs or disbursements. Order and judgment (one paper), same court (Faviola A. Soto, J.), entered March 23, 2004, dismissing petitioner Torres's challenge to the denial of his application for a master plumber's license, unanimously affirmed, without costs

or disbursements. Judgment (denominated an order), same court (Lewis Bart Stone, J.), entered April 2, 2004, denying petitioner Marino's challenge to respondents' decision to deny him a license as a master fire suppression piping contractor, unanimously affirmed, without costs or disbursements. Judgment (denominated an order), same court (Charles J. Tejada, J.), entered April 27, 2004, denying petitioner Rivera's motion to annul respondents' denial and to compel approval of his application for a master plumber's license, unanimously reversed, on the law, without costs or disbursements, the motion granted, and respondents directed to approve petitioner's application. Order and judgment (one paper), same court (Michael D. Stallman, J.), entered May 13, 2004, dismissing petitioner Huckemeyer's proceeding to annul denial of his application for a master plumber's license, unanimously affirmed, without costs or disbursements. Judgment, same court (Saralee Evans, J.), entered November 5, 2004, denying petitioner Cardone's challenge to the denial of his application for a master plumber's license, unanimously affirmed, without costs or disbursements. Order and judgment (one paper), same court (Leland DeGrasse, J.), entered November 23, 2004, denying petitioner Hyslop's application and dismissing his proceeding to compel the approval of his application for a master plumber's license, unanimously reversed, on the law, without costs or disbursements, petitioner's application granted and respondents directed to approve the application.

Petitioner Hyslop's application for a master plumber's license was denied on the ground that he had only four of the requisite seven years of work experience (see Administrative Code of City of NY § 26-146 [a] [1]). Respondents did not include Hyslop's experience at the New York City Department of Correction, where he was employed from 1989 to 2002 under the direct and continuous supervision of licensed master plumbers. In their answer to the petition, they averred that the Department of Correction "is not a licensed Master Plumber, partnership, corporation or business association. Thus, his experience was insufficient because his experience was not under the 'direct employ' of a Master Plumber" (see Administrative Code § 26-142 [e] [1] [d]).

With respect to petitioner Rivera, respondents concluded that he had demonstrated only approximately six years of qualifying experience. Although Rivera had submitted a letter from a licensed master plumber stating that he had supervised Rivera's work for the last four years, respondents failed to credit this work, apparently because Rivera had not been in the master plumber's "direct employ."

The applications by Rivera and Hyslop should have been granted since these petitioners established that they had worked under the supervision of licensed master plumbers for more than the requisite seven years. The fact that throughout their respective seven year periods they may not have been constantly in the "direct employ" of their master plumbers does not defeat their entitlement to this relief (*Matter of Kreitzer v New York City Dept. of Bldgs.*, 24 AD3d 374 [2005], *lv denied* 6 NY3d 715 [2006]).

We decline to disturb the denial of CPLR article 78 relief as to the remaining petitioners since, in each case, there was a rational basis for respondents' determination, and these determinations were neither arbitrary nor capricious (*see Matter of Hughes v Doherty*, 5 NY3d 100, 107 [2005]).

We reject respondent's postargument suggestion, based on the Court of Appeals' denial of leave to appeal in *Matter of Kreitzer* (*supra*), that we remand all seven of these dispositions to the administrative agency. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.