■ Patrolmen's Benevolent Association of the City of New York, Inc., Appellant, v New York City Board of Collective Bargaining et al., Respondents. Patrick Lynch, as President of the Patrolmen's Benevolent Association of the City of New York, Inc., et al., Appellants, v Raymond W. Kelly, as Police Commissioner of the City of New York, et al., Respondents. [834 NYS2d 95]—

Order, Supreme Court, New York County (Marcy S. Fried-

man, J.), entered August 17, 2005, which denied the petition pursuant to CPLR article 78, alleging, inter alia, that the New York City Police Department's Performance Monitoring Program (PMP) constituted a form of discipline, and order, same court and Justice, entered January 4, 2006, which, in a subsequent action, granted defendants' motion to dismiss the complaint premised on the same allegation, unanimously affirmed, without costs.

In the above-captioned article 78 proceeding commenced by the Patrolmen's Benevolent Association (PBA) against the New York City Board of Collective Bargaining (BCB) as well as the underlying administrative proceeding, the PBA argued that PMP constituted discipline. The issue was litigated and squarely decided administratively, and the administrative determination rejecting the PBA's contention was properly upheld in the appealed August 17, 2005 order as neither arbitrary nor capricious. Contrary to plaintiffs' arguments, the PBA had a full and fair opportunity to be heard in the administrative and ensuing article 78 proceedings, even though the BCB did not hold an evidentiary hearing and decided the matter based upon the submissions (*see Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 228 AD2d 192 [1996], *lv denied* 89 NY2d 805 [1996]). The outcome of those proceedings is binding on the individual plaintiffs in the subsequent action (*see Castellano v City of New York*, 251 AD2d 194 [1998], *lv denied* 92 NY2d 817 [1998], *cert denied* 526 US 1131 [1999]). Inasmuch as both the proceeding pursuant to article 78 and the subsequent action turn upon the identical issue, our affirmance of the petition's denial dictates an affirmance of the action's dismissal.

We have reviewed appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Williams, Gonzalez, Catterson and Kavanagh, JJ.