■ In the Matter of NEW YORK CITY PEDICAB OWNERS' AS-SOCIATION, INC., et al., Respondents, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS et al., Appellants. [877 NYS2d 283]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered January 22, 2008, invalidating certain Department of Consumer Affairs (DCA) regulations regarding

the licensing and registration of pedicab businesses, unanimously affirmed, without costs.

"Administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute" (*Matter of Jones v Berman*, 37 NY2d 42, 53 [1975]). Moreover, an administrative body may not disregard definitions made by legislative bodies under the guise of "interpreting" regulations it is empowered to administer. "The plain language of the legislative enactment is controlling, and the administrative agency may not make a unilateral ruling that is at variance with the legislative enactment" (*Two Assoc. v Brown*, 127 AD2d 173, 183 [1987], *appeal dismissed & lv denied* 70 NY2d 792 [1987]).

To the extent the DCA regulations implementing the provisions of Local Law No. 19 (2007) of City of New York are interpreted to allow that an applicant for a pedicab business license and registration plates need not own a pedicab at the time of making application (*see* Rules of City of NY Dept of Consumer Affairs, Licenses [6 RCNY] § 2-416 [b] [3] [iv]), and to accord such applicants priority status, that regulation is at variance with the legislation's plain language, which prescribes that such applicants must establish their ownership of a pedicab (*see* Administrative Code of City of NY § 20-249 [e] [defining a "Pedicab business" as "a pedicab owner who operates or authorizes the operation of one or more pedicabs in the city of New York"]; § 20-249 [d] [defining a "Pedicab owner" or "owner" as "any person who owns one or more pedicabs in the city of New York"]; § 20-250 [a] [obligating pedicab owners to obtain a license from DCA]; § 20-251 [c] [authorizing DCA to regulate the process by which pedicab owners can license their businesses and register their vehicles]).

DCA exceeded its authority under the enabling legislation by interpreting its regulation (6 RCNY 2-416 [b] [2]) to permit a pedicab owner to apply for more licenses and registration plates than the number of pedicabs actually owned. This conflicts with the Local Law's requirement that applicants furnish a list identifying the pedicabs under their control for which they are seeking registration (Administrative Code § 20-250 [b] [1]), which is clear evidence of statutory intent to permit applicants to seek business licenses and registration plates only for those pedicabs owned at the time of making application. Concur— Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.