■ JOHN ARBUISO, Appellant, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Respondent. [883 NYS2d 216]——

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered February 19, 2008, which denied the petition seeking to annul respondent's determination denying petitioner's application for reinstatement of his master plumber's license and dismissed the proceeding, affirmed, without costs.

On June 14, 1999, petitioner's master plumber license expired. Seven years later, on August 11, 2006, petitioner submitted a written request for reinstatement of the license to the New York City Department of Buildings (hereinafter referred to as the DOB). In the letter, he notified the DOB that he had inadvertently allowed his license, which he received in June 1995, to lapse.* In support of his reinstatement, petitioner submitted his resume which stated that he had worked as a plumber at the following positions: Manhattan Plumbing and Heating from February 1997 through April 1998, specializing in "all aspects of commercial plumbing"; Sheraton Hotels from April 1998 to February 2000, specializing in "all areas of plumbing, heating and engine rooms for the hotel complex"; the Riverdale Country School from February 2000 to April 2005, overseeing "all areas of plumbing/heating/gas"; and for Turner Construction Co. from April 2005 to the date of his application, "[o]verseeing all aspects of construction."

On September 15, 2006, by letter, the DOB informed petitioner that it had denied his application. In the letter, the DOB requested that petitioner demonstrate active and legal engagement in the plumbing trade during the period in which his license was expired.

Subsequently, petitioner submitted an undated letter to the

---

* Although petitioner stated that he had "inadvertently" allowed his license to lapse, the record indicates that he voluntarily relinquished his license.

DOB detailing his work experience. The letter stated that, while at Sheraton Hotels, petitioner was the "head plumber" working on "all areas of plumbing and heating." Petitioner further explained that during his time at the Riverdale Country School, he worked as the "in-house plumber" working in "all areas of plumbing" including, inter alia, "all the boilers and heating systems" and "[a]ll water and waste piping."

On January 19, 2007, the DOB notified petitioner that he had failed to demonstrate that he had been "actively and legally engaged in the plumbing trade" since the expiration of his license. The DOB directed petitioner to submit a list of the licensed master plumbers under whom he had worked along with their license numbers.

On February 28, 2007, petitioner sent a letter to DOB clarifying his work experience. The letter stated that, while he was working for Sheraton, he performed "maintenance to all plumbing systems as well as preventative work" and "[w]hen [he] uncovered plumbing work that required a filing with the [DOB], it was contracted out by Sheraton to licensed plumbing companies." The letter continued that, when he worked for Riverdale Country School, he oversaw maintenance and repair of the plumbing systems. He further asserted that his responsibilities included "identifying that work which required a filing with the [DOB] and notifying management to retain a licensed plumbing contractor to perform said work."

On April 13, 2007, the DOB notified petitioner that, according to the Administrative Code of the City of New York, an applicant for a master plumber's license must demonstrate "retained proficiency in the trade." The DOB explained that an applicant cannot obtain the experience unlawfully by performing plumbing work while unsupervised by a licensee. The DOB, referring to petitioner's February 28, 2007 correspondence, then asked the petitioner to provide proof that he contracted out jobs requiring a license.

On June 27, 2007, after petitioner failed to come forward with this information, DOB notified petitioner that his application for reinstatement of his master plumber's license had been denied. In the letter, the DOB explained that it was: "satisfied that [petitioner] performed consulting work in the trade through Turner Construction and that this experience since 2005 demonstrates retained proficiency in the trade as required by Section 26-150 (d) of the [Administrative] Code. However, the record is devoid of evidence that the remaining work [petitioner] performed since the lapse of his license was legal work. [Petitioner] failed to provide such evidence prior to his

February 28th submission and that letter represented a departure from his previous statements in that it suggested that the work that [petitioner] performed did not require supervision by a licensee." The letter concluded that, given the failure to clarify or address the legality of some of the work performed following the lapse of his license, petitioner's application was denied.

Petitioner then commenced the instant CPLR article 78 proceeding. The Supreme Court dismissed the petition since petitioner did not show that DOB's refusal to reinstate his license was arbitrary and capricious.

On appeal, petitioner argues that the DOB arbitrarily and capriciously denied his application since he submitted sufficient proof of retained proficiency in the design and installation of plumbing systems. Petitioner asserts that the DOB had no legal basis for the denial of his application, since the DOB had not identified a single allegation that petitioner had performed illegal work. The DOB maintains that its decision to deny petitioner's application was rational, since petitioner himself provided descriptions of performing work after the expiration of his master plumber's license, which included tasks that required such a license or supervision by a licensed master plumber.

It is well settled that the standard for judicial review of an administrative determination pursuant to CPLR article 78 is limited to inquiry into whether the agency acted arbitrarily or capriciously (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Once it has been determined that an agency's conclusion has a sound basis in reason, the judicial function is at an end (*see Paramount Communications v Gibraltar Cas. Co.*, 90 NY2d 507, 514 [1997]).

Section 26-150 (d) of the Administrative Code of the City of New York states that an applicant for reinstatement of a master plumber's license must demonstrate, among other things, "retained proficiency" in the trade. However, in accordance with section 26-142 of the Administrative Code, the applicant cannot obtain that experience unlawfully by performing plumbing work while unsupervised by a licensee. Section 26-142 (a) (1) (a) of the Administrative Code, states, in pertinent part that:

"a. It shall be unlawful for any person:

"1. (a) to install, maintain, repair, modify, extend or alter a plumbing, standpipe where a sprinkler is not or is not now being connected, domestic water, connections to the domestic water, combination domestic water and standpipe supply tank, up

to and including the roof tank check valve, gas piping or any piping system referred to in subchapter sixteen of chapter one of title twenty-seven of the code and in reference standard RS-16 and up to twenty sprinkler heads off the domestic water in any one building, in the city of New York unless such person is a licensed master plumber, partnership, corporation or other business association as permitted by this code and unless such work is performed *under the direct and continuing supervision of a licensed master plumber"* (emphasis added).

In *Matter of Reingold v Koch* (111 AD2d 688 [1985], *affd* 66 NY2d 994 [1985]), we held that there was a rational basis for the denial of the petitioner's application for a master plumber's license, under the precursor to Administrative Code §§ 26-142 and 26-146, where the petitioner did not show that he had the required amount of experience through work that was performed legally (*id.* at 690). We concluded that the DOB's interpretation of the experience requirement, and its refusal to credit petitioner for unsupervised work, was "consonant with respondents' duty to guard against licensure of incompetent and unfit individuals" and supported by public policy considerations (*id.*).

Similarly, in the instant appeal, the DOB interpreted the Administrative Code to require unlicensed plumbers who remained in the plumbing trade after their licenses expired to demonstrate legally performed "retained proficiency." We find that such an interpretation is rationally based and entitled to great deference.

The dissent correctly asserts that the DOB found that the petitioner demonstrated "retained proficiency" in the trade through his work with Turner Construction. However, the dissent fails to acknowledge that petitioner did not present any evidence demonstrating that the remainder of his unlicensed work in the plumbing trade was legal as required by the Administrative Code and DOB policy.

Indeed, it was petitioner's initial characterizations of his unlicensed work, his subsequent conflicting account, and his failure to provide any supporting documentation to demonstrate the legality of his work for Riverdale or Sheraton which formed the basis for DOB's rejection of his reinstatement application. Because DOB could not verify that petitioner met the qualifications for licensure, DOB's rejection of his application for reinstatement is rational.

Moreover, petitioner's claim that DOB erroneously relied upon "Policy and Procedure Notice #4/87," for its denial of his application, is unavailing. Section 26-150 of the Administrative Code sets forth the statutory requirements for reinstatement

decisions, which decisions are also guided by New York City Department of Buildings Operations Policy and Procedure Notice No. 4/87. To the extent that the Policy and Procedure Notice requires that an applicant must establish his or her qualifications through plumbing work that was performed legally, such interpretation does not conflict nor go beyond the statutory licensing standards of Administrative Code § 26-150 (*see Reingold*, 111 AD2d at 690).

In *Matter of Auringer v Department of Citywide Admin. Servs. of City of N.Y.* (28 AD3d 381 [2006]), we construed an analogous provision of the Administrative Code which required "at least five years practical experience in the hoisting and rigging business" in order to obtain a master rigger's license. The issue was whether the requirement that an applicant show that his or her experience was acquired under the supervision of a licensed master rigger was arbitrary. Relying on Administrative Code § 26-176 which makes it unlawful to hoist or lower material outside a building unless that work was performed by or under the supervision of a licensed rigger, we found, citing *Reingold v Koch*, that such a requirement was rationally based. Concur—Andrias, J.P., Friedman, Buckley and Catterson, JJ.

Acosta, J., dissents in a memorandum as follows: Respondent Department of Buildings's (DOB) determination to deny petitioner's application for reinstatement of his master plumber's license was inconsistent with the Administrative Code of the City of New York and was "without sound basis in reason and [was] . . . taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Respondent's actions were therefore, tantamount to conduct that is arbitrary and capricious. Accordingly, I respectfully dissent.

Petitioner John Arbuiso applied for and received a master plumber's license in 1995. Petitioner conducted a plumbing business under that license until June 1999, when he voluntarily "shelved" said license.* Since shelving his license, petitioner has continued to work in the plumbing field; at Manhattan Plumbing & Heating from February 1997 to April 1998; at Sheraton Hotels from April 1998 to February 2000; at the Riverdale Country School, Bronx, New York, from February

---

* Pursuant to Administrative Code of the City of New York § 26-148, a licensee obtains a plate (or sign) and seal (for stamping applications from DOB), both of which bear his license number. A licensee must return his plate and seal to DOB's commissioner upon retirement or voluntary cessation of business under one's own license. This is commonly referred to as "shelving."

2000 to April 2005; and as a construction manager for Turner Construction Co. from April 2005 to date.

On August 11, 2006, petitioner submitted a written request to DOB for reinstatement of his master plumber's license, along with his resume. Thereafter, by letter dated June 27, 2007, DOB denied petitioner's application, stating that "[his] experience since 2005 demonstrates retained proficiency in the trade as required by Section 26-150 (d) of the [Administrative] Code. However, the record is devoid of evidence that the remaining work [petitioner] performed since the lapse of his license was legal work."

Respondent found that petitioner's work at Turner Construction demonstrated the requisite "retained proficiency," yet confoundingly exceeded the requirements of the Administrative Code by requiring petitioner to affirmatively establish that all the work he had performed prior to working at Turner Construction while his license was lapsed was legal work. This ground for denial of petitioner's application is found nowhere in the statute delegating authority to the commissioner of DOB for the issuance of a master plumber's license. As such, respondent's determination had no basis in fact or law. The legality of petitioner's work is only relevant in the context of establishing whether petitioner has "retained proficiency," which respondent explicitly found he did. That is, it was paradoxical for respondent to find that petitioner had "retained proficiency" and at the same time deny his application for failing to prove that he had not performed illegal work. Once respondent found that petitioner had the requisite "retained proficiency," he should have been issued his license, and respondent's failure to do so was arbitrary and capricious.

Also troubling is that while respondent placed on petitioner a burden found nowhere in the Administrative Code, respondent did not have any concrete allegations of illegal plumbing done by petitioner. Indeed, notwithstanding petitioner's repeated demands that he be confronted with any specific allegations or evidence of such illegal work, DOB failed to do so.

This Court has previously held that it was error for the DOB to nullify a master plumber's license by reading into the Administrative Code additional requirements that were not present (*Matter of Kreitzer v New York City Dept. of Bldgs.*, 24 AD3d 374 [2005], *lv denied* 6 NY3d 715 [2006]). We have further held that " '[a]dministrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute' " (*Matter of New York City Pedicab Owners' Assn., Inc. v*

*New York City Dept. of Consumer Affairs*, 61 AD3d 558, 559 [2009], quoting *Matter of Jones v Berman*, 37 NY2d 42, 53 [1975]). However, the majority obfuscates that rule here in affirming Supreme Court's order.

Nor does *Matter of Reingold v Koch* (111 AD2d 688 [1985], *affd* 66 NY2d 994 [1985]), which the majority relies on, support DOB's denial. In *Reingold,* this Court held that there was a rational basis for the denial of the petitioner's application for a master plumber's license under the precursor of the Administrative Code, where the petitioner did not show that he had the required amount of experience (seven years) in plumbing systems design and/or installation. This Court found that respondent had a rational basis in determining that the petitioner did not establish his affirmative obligation of having seven years' experience because he failed to show that he was under the supervision of master plumbers for the requisite time period. Here, DOB specifically found that "[petitioner] performed consulting work in the trade through Turner Construction and that this *experience* since 2005 demonstrates retained proficiency" (emphasis added). The only requirement, "retained proficiency," was met by petitioner.

*Reingold* is further distinguishable. In *Reingold,* the petitioner did in fact engage in illegal work; i.e. working on buildings in which lofts were illegally converted into residential ones. Here, there is not even a single allegation of illegal work performed by petitioner.