In the Matter of MICHAEL SAN FILIPPO, Petitioner, v NEW YORK CITY DEPARTMENT OF BUILDINGS et al., Respondents. [889 NYS2d 576]

The administrative determination had a rational basis, since petitioner failed to demonstrate that all the work he performed in the trade was supervised by a licensed master or special electrician (*see Matter of Auringer v Department of Citywide Admin. Servs. of City of N.Y.*, 28 AD3d 381 [2006]; *Matter of Reingold v Koch*, 111 AD2d 688 [1985], *affd* 66 NY2d 994 [1985]).

Petitioner's remaining arguments are unpreserved for our review, as he failed to raise them at the hearing before the Electrical License Board. Concur—Mazzarelli, J.P., Sweeny, Catterson, Freedman and Roman, JJ.

YUEN LIN LEE, Respondent, v KWOK WAI LEE, Appellant. [889 NYS2d 577]

The issue raised by defendant on appeal—that the March 2007 stipulation vacating the January 2007 judgment of divorce was in various respects inaccurate and defective and should not have been so-ordered by the motion court—is not properly before this Court, since neither party moved on notice to have the stipulation so-ordered and defendant never moved to vacate the stipulation once it was so-ordered (*see Rowley v Amrhein*, 64 AD3d 469, 470 [2009]; *Sholes v Meagher*, 100 NY2d 333 [2003]). We note that defendant did not file papers in opposition to plaintiff's motion to vacate the judgment of divorce, the record does not contain a transcript of any oral argument that may have been heard on the return date of that motion, and the record is otherwise insufficient to permit review of the motion court's implicit finding that the stipulation is valid and enforceable (*see Hladun-Goldmann v Rentsch Assoc.*, 8 AD3d 73, 73-74 [2004]). Concur—Mazzarelli, J.P., Sweeny, Catterson, Freedman and Roman, JJ.