■ In the Matter of PAUL RASOLE, Appellant, v DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES et al., Respondents. [923 NYS2d 427]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered February 19, 2010, which denied the petition seeking, inter alia, to annul the determination of respondent New York City Department of Buildings (DOB) denying petitioner's application for a master fire suppression piping contractor's license and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DOB's determination denying petitioner's license application had a rational basis (see Arbuiso v New York City Dept. of Bldgs., 64 AD3d 520, 522 [2009]). Petitioner's supervisors at two of the three companies he listed in his application submitted affidavits indicating that petitioner did not perform the type of work necessary to satisfy the prior experience requirement for obtaining such a license (see Administrative Code of City of NY former § 26-146 [b]; see also Matter of Reingold v Koch, 111 AD2d 688 [1985], affd 66 NY2d 994 [1985]). Although petitioner did present evidence that he performed the appropriate type of work pursuant to permits obtained by the supervisors at a third company, the time periods authorized for those projects falls well short of the required three years. Furthermore, contrary to petitioner's contention, he did not have a due process right to a hearing regarding his initial application for a license (see Matter of Daxor Corp. v State of N.Y. Dept. of Health, 90 NY2d 89, 97-98 [1997], cert denied 523 US 1074 [1998]), and the record establishes that he was afforded "a full and fair opportunity to be heard" (Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York City Bd. of Collective Bargaining, 38 AD3d 482, 483 [2007], lv denied 9 NY3d 807 [2007]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Acosta and DeGrasse, JJ.