■ In the Matter of GUY D. CHILSON, JR., Respondent, v JAMES HEIN, as Deputy Commissioner of the New York City Department of Citywide Administrative Services, et al., Appellants. [942 NYS2d 78]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered March 22, 2011, granting the petition seeking to annul respondents' determination dated November 25, 2009, which denied petitioner's application for a Hoisting Machine Operator (Class A) License, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.

In this CPLR article 78 proceeding, petitioner challenges respondents' denial of his application for a hoisting machine operator's license on the ground that the determination was arbitrary and capricious. Contrary to the motion court's finding, respondents' determination should have been upheld because it is not arbitrary and capricious, is rationally based and supported by the record (*see* CPLR 7803; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

Section 28-405.3.1 of the Construction Codes (Administrative Code of the City of NY, tit 28, ch 1, *et seq.*) requires all applicants for a class A basic hoisting machine operator license to have at least three years experience in the five years preceding the application under the direct and continuing supervision of a licensed hoisting machine operator. It was reasonable and rational for respondents to deny petitioner's application on the ground that he failed to meet the burden of verifying that he satisfied this criteria (*see* 55 RCNY 11-02 [d]; Administrative Code § 28-101.2). The fact that some of his employers are no longer in business or failed to respond to respondents' inquiry does not negate the fact that petitioner did not demonstrate that he had the requisite experience to obtain the license. The motion court should not have substituted its own judgment for that of respondents (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 232 [2007]). Moreover, it should be noted that a number of petitioner's references gave negative reports of his competence.

Petitioner's argument that respondents' method of crediting his part-time work was irrational lacks merit. We find that respondents employed a method of quantifying part-time experience without inflating its value. This calculation of part-time work was necessary for respondents to fulfill their duty to promote the policy underlying the Code, namely "public safety" (Administrative Code § 28-101.2). Contrary to petitioner's contentions, the method employed here was rational and fair.

Indeed, this method has previously been validated by this Court (*see e.g. Matter of Auringer v Department of Bldgs. of City of N.Y.*, 24 AD3d 162 [2005]).

We have considered respondents' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30594(U).]**