■ In the Matter of JOHN MARTIN, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. [959 NYS2d 177]—

Order and judgment (one paper), Supreme Court, New York County (Eileen Bransten, J.), entered November 4, 2011, which, to the extent appealed from as limited by the briefs, granted petitioner's motion to renew his petition challenging respondent's denial of his application for a master plumber's license, and, upon renewal, directed petitioner to submit to respondent, within 30 days, additional proof in support of his application, and adjudged that petitioner's failure to do so "will deem the application denied," unanimously affirmed, without costs.

Although this Court's decision in *Matter of Kreitzer v New York City Dept. of Bldgs.* (24 AD3d 374 [1st Dept 2005], *lv denied* 6 NY3d 715 [2006]) did not change the law, it undermined the primary basis on which respondent had denied petitioner's application for a master plumber's license, i.e., that petitioner did not show that he had been directly employed by a master plumber. Thus, Supreme Court properly granted petitioner's motion to renew (CPLR 2221 [e] [2]; *see Mejia v Nanni*, 307 AD2d 870, 871 [1st Dept 2003]).

Petitioner is correct that our review of respondent's determination is limited to the grounds invoked by respondent (*see Matter of Parkmed Assoc. v New York State Tax Commn.*, 60 NY2d 935 [1983]). However, it is not clear from the record that petitioner's failure to show he had been directly employed by a master plumber was the sole basis for respondent's determination. In any event, petitioner would not be entitled to the judgment he seeks directing respondent to grant his application, since, as Supreme Court correctly found, he failed to show the requisite qualifying experience (*see Matter of Reingold v Koch*, 111 AD2d 688 [1st Dept 1985], *affd for the reasons stated* 66

NY2d 994 [1985]). Concur—Friedman, J.P., DeGrasse, Richter, Abdus-Salaam and Feinman, JJ.