■ In the Matter of JORGE ESTEBAN AGUIRRE, Appellant, v CITY OF NEW YORK et al., Respondents. [960 NYS2d 33]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered March 19, 2012, denying the petition to annul the determination of the New York City Department of Health and Mental Hygiene (DOHMH) that denied petitioner's application to transfer his deceased mother's mobile food vending permit to his name, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DOHMH's determination, that petitioner was not a "dependent" child under section 17-314.1 (d) (1) of the Administrative Code of the City of New York and therefore was not entitled to his deceased mother's permit under that section, has a rational basis (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). DOHMH was not required to conduct a formal hearing (see Matter of Rasole v Department of Citywide Admin. Servs., 83 AD3d 509 [1st Dept 2011]). Nor was it required to conduct an independent medical examination of petitioner. In any event, the record shows that petitioner was afforded "a full and fair opportunity to be heard" (id. at 509 [internal quotation marks omitted]). Moreover, DOHMH did

not challenge petitioner's medical evidence, but rather concluded that the evidence did not demonstrate that he was a dependent child. There is no basis to disturb DOHMH's determination. Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.