Judgment, Supreme Court, New York County (Paul Wooten, J.), entered October 4, 2012, which denied the petition seeking to annul a determination of respondent Department of Buildings (DOB), dated July 26, 2011, denying petitioner’s application for a master fire suppression piping contractor license, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DOB’s determination that petitioner failed to supply satisfactory proof of at least seven years of experience in the design and installation of fire suppression systems is rationally based in the record and is not arbitrary and capricious (see Arbuiso v New York City Dept. of Bldgs., 64 AD3d 520, 522 [1st Dept 2009]). The evidence establishes that prior to the proceedings at issue here, DOB granted petitioner’s application for a license as a master plumber, crediting him with, among other things, experience gained during full-time employment as a plumber between March 29, 1999, and October 7, 2004. Although petitioner and the master fire suppression piping contractor who supervised his work maintain that during that same period, petitioner worked up to 70 hours a week, including working “on and off’ *605 and “sporadically” on three fire suppression projects, they concede that he worked “primarily” as a plumber. The record therefore does not establish the requisite full-time employment in fire suppression during the seven years preceding his application for a license.
Petitioner contends that DOB’s conclusion that his salary range during the relevant period was not high enough to support a determination that he “worked double shifts” is “inconsistent with the facts.” However, DOB rationally concluded that the range of total annual wages during the relevant period was not sufficient to support the equivalent of full-time employment both in plumbing and fire suppression. We note that the governing rules clearly contemplate that the members of the Master Plumbers & Fire Suppression Piping Contractors License Board, whose determination was adopted by DOB, have sufficient knowledge of the plumbing and fire suppression industries to be familiar with the prevailing “wages appropriate for the trade” (1 RCNY 104-01 [c] [2]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur — Gonzalez, P.J., Renwick, De-Grasse, Manzanet-Daniels and Feinman, JJ.