In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated January 11, 2011, which, after a hearing, denied the petitioner’s appeal from a determination of the Department of Buildings of the City of New York revoking its alteration permit, the petitioner appeals from a judgment of the Supreme Court, Queens County (Markey, J.), entered July 12, 2012, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
A determination of the Board of Standards and Appeals of the City of New York (hereinafter the BSA) may not be set aside in the absence of illegality, arbitrariness, or abuse of discretion (see Matter of Ward v Bennett, 79 NY2d 394 [1992]; Matter of Mainstreet Makeover 2, Inc. v Srinivasan, 55 AD3d 910 [2008]; CPLR 7803 [3]). “In applying the ‘arbitrary and capricious’ standard, a court inquires whether the determination under review had a rational basis” (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]; cf. CPLR 7803 [4]).
*1057 According proper deference to the interpretation given to former section 27-149 of the Administrative Code of the City of New York by the Department of Buildings of the City of New York (hereinafter DOB) (see Matter of Fineway Supermarkets v State Liq. Auth., 48 NY2d 464 [1979]; Arbuiso v New York City Dept. of Bldgs., 64 AD3d 520 [2009]; cf. Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 102-103 [1997]; Matter of Toys “R” Us v Silva, 89 NY2d 411 [1996]), the subsequent determination of the BSA in upholding the determination of the Commissioner of the DOB revoking the petitioner’s alteration permit had a sound legal basis (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274 [1988], cert denied 488 US 801 [1988]; Matter of Natchev v Klein, 41 NY2d 833 [1977]; Matter of Mainstreet Makeover 2, Inc. v Srinivasan, 95 AD3d 1331 [2012]; Administrative Code of City of NY former § 27-197).
The petitioner’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.E, Hall, Cohen and Hinds-Radix, JJ., concur.