Matter of Smith v New York City Dept. of Bldgs. (2018 NY Slip Op 01389)





Matter of Smith v New York City Dept. of Bldgs.


2018 NY Slip Op 01389


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5851 102079/15

[*1]In re Darryl Smith, Petitioner-Appellant,
v
New York City Department of Buildings, Respondent-Respondent.


Casella & Casella, LLP, Staten Island (Ralph P. Casella of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Barbara Jaffe, J.), entered July 13, 2016, denying the petition to annul a final determination of respondent, which denied petitioner's application for a master plumber's license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's determination that petitioner failed to supply satisfactory proof of at least seven years of total experience under the direct and continuing supervision of a licensed master plumber within the previous 10 years, with at least two years in plumbing design and installation while a registered journeyman plumber (see Administrative Code of City of NY §§ 28-408.3.1[4], 28-409.1), had a rational basis and was not arbitrary and capricious (see Matter of Krasniqi v Department of Citywide Admin. Servs., 105 AD3d 590 [1st Dept 2013]; Matter of Rasole v Department of Citywide Admin. Servs., 83 AD3d 509 [1st Dept 2011]). The record shows that petitioner only had four years of plumbing experience supervised by a licensed master plumber. Furthermore, petitioner admits that he did not obtain his journeyman's registration card until October 2012, and as Supreme Court held, this fact alone supports denial of his application. Petitioner's argument that the journeyman registration requirement itself is irrational is unpreserved, since petitioner did not raise it before the agency or in his article 78 petition (see Gregory v Town of Cambria, 69 NY2d 655, 656-657 [1986]), and, in any event, is unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK