Matter of Latora v Department of Citywide Admin. Servs. (2018 NY Slip Op 01570)





Matter of Latora v Department of Citywide Admin. Servs.


2018 NY Slip Op 01570


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


100466/14 5959 5958

[*1]In re Vincent Latora, et al., Petitioners-Appellants,
v
Department of Citywide Administrative Services, et al., Respondents-Respondents.


Abrams, Fensterman, LLP, Brooklyn (Maya Petrocelli of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Order, Supreme Court, New York County (Carol E. Huff, J.), entered December 17, 2014, which denied the petition to vacate final determinations of respondent New York City Department of Buildings (DOB), dated December 26, 2013, denying petitioners' applications for master plumber licenses, unanimously affirmed, without costs. Order, same court (Margaret A. Chan, J.), entered March 10, 2017, to the extent it denied petitioners' motion to renew the petition, unanimously affirmed, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
DOB's determinations that petitioners failed to supply satisfactory proof that they each had at least seven years of experience in the design and installation of plumbing systems are rational and not arbitrary and capricious (see Matter of Padmore v New York City Dept. of Bldgs., 106 AD3d 453 [1st Dept 2013]; Matter of Licata v Department of Citywide Admin. Servs., 105 AD3d 520 [1st Dept 2013]). DOB reasonably required petitioners to produce documentary evidence to substantiate their plumbing experience, including experience they claim to have accrued outside of New York City. DOB rationally refused to credit petitioners for their experience under the supervision of a plumber licensed in Suffolk County but not in any of the jurisdictions where petitioners claim to have worked (see Matter of Reingold v Koch, 111 AD2d 688 [1st Dept 1985], affd for reasons stated below 66 NY2d 994 [1985]). The fact that the supervising plumber obtained a license in New York City in 2015 does not cure the defect; indeed, it highlights the fact that the plumber was not suitably licensed when he supervised petitioners, in the years between 1990 and 2000.
Petitioners had no due process right to hearings upon their initial applications for licenses (Matter of Daxor Corp. v State of N.Y. Dept. of Health, 90 NY2d 89, 98 [1997], cert denied 523 US 1074 [1998]; Matter of Rasole v Department of Citywide Admin. Servs., 83 AD3d 509 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK