Matter of Boccia v New York City Dept. of Bldgs. (2019 NY Slip Op 00180)





Matter of Boccia v New York City Dept. of Bldgs.


2019 NY Slip Op 00180


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8074 101686/15

[*1]In re Leo Boccia, Petitioner-Respondent,
v
The New York City Department of Buildings, et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for appellants.
Klein Slowik PLLC, New York (Peter E. Sayer of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered November 28, 2016, granting the petition seeking, inter alia, to annul the determination of respondent New York City Department of Buildings (DOB), dated July 15, 2015, which denied petitioner's application for a hoisting machine operator class A license, and remanding the matter to DOB for a new determination in accordance with the court's decision, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed.
Administrative Code of City of NY § 28-405.3.1 requires all applicants for a class A basic hoisting machine operator license to have "at least three years experience within the five years prior to application under the direct and continuing supervision of a licensed hoisting machine operator." Here, the record shows that petitioner's application for the class A license included affidavits showing that from January 2011 to December 2014 he was supervised by a class A license holder while completing class C2 crane set-ups; however, such supervision was unnecessary since petitioner was licensed to operate class C2 cranes independently and without supervision. The affidavits also show that petitioner was supervised by a class A license holder while completing class A crane set-ups but for only one month from October 2, 2014 to October 31, 2014. Accordingly, DOB's decision to deny the application on the ground that petitioner failed to demonstrate that he possessed three years of experience using class A machinery under the supervision of an individual with a class A license was not arbitrary and capricious, and was rationally based (see Matter of Chilson v Hein, 94 AD3d 517 [1st Dept 2012]; see also 55 RCNY 11-02[d]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK