Matter of Polakoff v New York City Dept. of Bldgs. (2022 NY Slip Op 01129)





Matter of Polakoff v New York City Dept. of Bldgs.


2022 NY Slip Op 01129


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 151499/20 Appeal No. 15354 Case No. 2021-01662 

[*1]In the Matter of Todd Polakoff, Petitioner-Appellant,
v
The New York City Department of Buildings et al., Respondents-Respondents.


Klein Slowik, PLLC, New York (Christopher M. Slowik of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about August 19, 2020, denying the petition to annul the determination of respondents New York City Department of Buildings (the DOB) dated October 9, 2019, which denied petitioner's application for a master rigger's license, and dismissing the proceeding bought pursuant to CPLR article 78, unanimously affirmed, without costs.
The DOB's finding that petitioner did not prove "at least five years of practical experience in the hoisting and rigging business within the seven years prior to application" was not arbitrary and capricious (see Administrative Code of City of NY § 28-404.3.1[1]; 1 RCNY 104-01[g][1]; see also Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). As to petitioner's work experience under the supervision of a licensed master rigger, petitioner, despite being given ample opportunity to do so, failed to demonstrate full-time work in that job either through tax records, "time-keeping records, work logs, or other contemporaneous documentation" (1 RCNY 104-01[e][5]; see also Matter of Krasniqi v Department of Citywide Admin. Servs., 105 AD3d 590, 591 [1st Dept 2013]).
As to petitioner's work experience with a New York City-based real estate company, it was rational for the DOB to exclude this experience based on the "failure to show that . . . [the experience] was acquired under the supervision of a licensed master rigger" (Matter of Auringer v Department of Citywide Admin. Servs. of City of N.Y., 28 AD3d 381, 381 [1st Dept 2006] see Matter of Maroti v Hirst, 91 AD3d 541, 541 [1st Dept 2012]; cf. Administrative Code § 28-404.1 [it is "unlawful to hoist or lower any article outside of any building in the city unless such work is performed by or under the direct and continuing supervision of a licensed rigger"]). The DOB also reasonably requires that applicants work full time in the City for a hoisting and rigging business that has a master rigger associated with it, which this employer did not have (see Matter of Reingold v Koch, 111 AD2d 688, 690 [1st Dept 1985], affd 66 NY2d 994 [1985]; Administrative Code § 28-404.4.2). To the extent that exceptions to the rule may allow hoisting or lowering "by or under the supervision of a qualified and/or competent person" (Administrative Code § 28-404.1[3]; see Building Code [Administrative Code of City of NY, tit 28, ch 7]BC 3302.1), petitioner failed to identify any measurable time during which he was employed in full-time rigging work on qualifying projects (see id. § 3316.9.1[3]).
As to petitioner's work experience with a New Jersey-based employer, "DOB reasonably required petitioner[] to produce documentary evidence to substantiate [his rigging] experience, including experience . . . accrued outside of New York City," and it "rationally refused to credit" the claimed experience for [*2]which documentary evidence was not provided (Matter of Latora v Department of Citywide Admin. Servs., 159 AD3d 488, 488 [1st Dept 2018]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022