Matter of Gomez v New York City Dept. of Bldgs. (2026 NY Slip Op 01915)

Matter of Gomez v New York City Dept. of Bldgs.

2026 NY Slip Op 01915

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 812309/23|Appeal No. 6238|Case No. 2024-05476|

[*1]In the Matter of Julio Gomez, Petitioner-Appellant,
vNew York City Department of Buildings, Respondent-Respondent.

Gil V. Perez, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.

Order and judgment (one paper), Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about August 15, 2024, which denied the petition to annul the April 11, 2023 determination of respondent New York City Department of Buildings (DOB) denying petitioner's application to reinstate his expired master plumber license and seeking a writ of mandamus to compel the DOB to grant the application, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court properly denied the petition, as the DOB's denial of petitioner's license application was not arbitrary and capricious, affected by an error of law, or done in violation of lawful procedure, nor did it an constitute abuse of discretion (CPLR 7803[3]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The DOB initially took the position that it would refuse to process petitioner's application to reinstate his license on the basis that the license expired more than one year previously. However, once petitioner's attorney pointed out that he filed the application in February 2022, the DOB confirmed this date and then appropriately applied the laws and regulations in force at the time it received the application (see former Administrative Code of City of NY § 28-401.13; former 1 RCNY 105-04[b][1]).
The DOB was also not required to conduct a full evidentiary hearing with witness testimony, regardless of whether petitioner sought reinstatement or whether he sought to timely renew his license before it expired, as there is no property interest in the renewal of the license and petitioner was "afforded an opportunity to be heard in a meaningful manner and at a meaningful time through written submissions" (Matter of Tsamasiros v New York City Dept. of Bldgs., 222 AD3d 543, 544 [1st Dept 2023]; see also Testwell, Inc. v New York City Dept. of Bldgs., 80 AD3d 266, 274 [1st Dept 2010]; see also former Administrative Code of City of NY § 28-401.12).
Moreover, the DOB's denial was rationally based on the evidence proffered by petitioner, as that evidence failed to establish that he had full-time legal employment under the supervision of a licensed master plumber during the relevant period after his license expired (see former 1 RCNY 104-05[b][1]; see also Administrative Code § 28-401.3 [direct employee must be "on the payroll" of licensee's company]). The employer affidavits did not demonstrate that petitioner was under direct supervision at the time, nor did petitioner's tax-related evidence establish employment (see Matter of Aranda v New York City Dept. of Bldgs., 101 AD3d 412, 413 [1st Dept 2012]; Arbuisov v New York City Dept. of Bldgs., 64 AD3d 520, 522-524 [1st Dept 2009]). Contrary to petitioner's contention, the DOB reasonably required petitioner to produce additional documentary evidence showing that he had full-time compensated work (Matter of Latora v Department of Citywide Admin. Servs., 159 AD3d 488, 488 [1st Dept 2018]; see also former 1 RCNY 104-05[b][1][vi] [requiring applicants to submit "[a]ny other documentation the Department deems appropriate"]).
A writ of mandamus to compel the issuance of a license was appropriately denied, as approval of petitioner's application is a discretionary decision and mandamus does not lie to compel a discretionary act rather than a ministerial one (see CPLR 7803[1]; Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018]).
Finally, petitioner failed to demonstrate bias by the DOB based on his Hispanic ethnicity, much less that the determination he challenges flowed from any such bias (Dunlop Dev. Corp. v Spitzer, 26 AD3d 180, 181 [1st Dept 2006]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026